**NONPROFIT LEGAL SERVICES, INC.**
Adam Dolce, Esq. [SBN 310112]
414 Yale Avenue, Suite B
Claremont, CA 91711
Telephone: (909) 293-8449
Fax: (909) 992-3554
Email: thenonprofitlawfirm@gmail.com

Attorney for Defendant, KENYA RUIZ

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
08/15/2019 at 12:01:00 PM
Clerk of the Superior Court
By Jonathan Aguilar, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| GREGORY L. BOSSE, an individual, | **Case No. 30-2012-00551965** |
| Plaintiff, | PREVIOUSLY ASSIGNED FOR TRIAL TO: Hon. Nathan Scott, Dept. C12 |
| v. | **DEFENDANT KENYA RUIZ'S NOTICE OF MOTION AND MOTION TO VACATE/SET ASIDE JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| KENYA RUIZ, an individual; RUBEN RUIZ, an individual; and DOES 1 to 20, inclusive, | |
| Defendants. | [Filed concurrently herewith Supporting Declarations; Request for Judicial Notice; and Proposed Order] |
| | <u>Hearing</u><br>Date: 4 November 2019<br>Time: 2:00pm<br>Dept. C15 |
| | Action Filed: March 8, 2012<br>Trial Date: October 17, 2016<br>Entry Date: October 27, 2016 |
| | **RES. ID. NO. 73107445** |

///

**NONPROFIT LEGAL SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

1
DEFENDANT KENYA RUIZ'S NOTICE/MOTION TO VACATE & SET ASIDE JUDGMENT AFTER TRIAL
**BOSSE v. RUIZ, et al.**

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on the **4th day of November, 2019, at 2:00pm** or as soon thereafter as counsel can be heard, in Department C15 of the above-entitled Court, located at 700 W. Civic Center Drive, Santa Ana, CA 92701, Defendant and Judgment Debtor, KENYA RUIZ, will and hereby moves this Court for an order vacating and setting aside the judgment in favor of Plaintiff and Judgment Creditor, GREGORY L. BOSSE, as entered after uncontested trial held October 27, 2016.

This Motion is made pursuant to Cal. Code of Civil Procedure § 473(d) on the grounds the entered judgment is void for lack of subject-matter jurisdiction, and, regardless of jurisdiction, is the product of extrinsic fraud.

This Motion is based on this Notice of Motion and Motion, the within Memorandum of Points and Authorities, the Declarations of Adam Dolce and the Defendant (and exhibits thereto), Defendant's Request for Judicial Notice (and exhibits thereto), together with all pleadings and papers on file herein, and such evidence and argument as the Court may allow.

Dated: 15 August 2019        Respectfully submitted by,

**NONPROFIT LEGAL SERVICES, INC.**

**/s/ Adam D. Dolce**
_____
ADAM DOLCE, ESQ.,

Attorney for the Defendant/Judgment Debtor:
KENYA RUIZ

2
DEFENDANT KENYA RUIZ'S NOTICE/MOTION TO VACATE & SET ASIDE JUDGMENT AFTER TRIAL
**BOSSE v. RUIZ, et al.**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ------------------------------------------------------ **1**

II.     FACTUAL/PROCEDURAL HISTORY -------------------------------- **1**

    a.   Related Civil Case (GC042508) | NCB Eviction Cases: Nos.
      09U04263, 09U04258, 09U15312, and 09U15988 | &
      Ruiz Foreclosure Case (BC424268) ------------------------------------ 2

    b.   Bankruptcy Petitions (Chapter 13 | Chapter 7 | Chapter 13) ------------ 4

        i.   Timing of Bankruptcy Case, Foreclosure Case, and UD Case -- 5

    c.   Trial and Judgment in the Underlying Matter – 2012 to 2015 --------- 6

    d.   Trial and Judgment in the Underlying Matter – 2016 ------------------ 8

    e.   Unrelated Case Involving Attorney Bosse -------------------------------- 9

        i.   The UD Case *cf. with* Attorney Bosse's Billings ----------------- 10

III.    SUMMARY OF ARGUMENT --------------------------------------- **12**

IV.     LEGAL AUTHORITY ---------------------------------------------- **14**

V.      ARGUMENT ------------------------------------------------------- **15**

    a.   The Bankruptcy Code governed the majority of Attorney Bosse's
      Billing statements, and were required to be decided in the
      Bankruptcy Case (or cases) by the Bankruptcy Court ------------------- 16

        i.   The Foreclosure Case was in connection with the Bankruptcy
          Case --------------------------------------------------------------- 17

        ii.  The UD Case was in connection with the Bankruptcy Case ----- 17

        iii. The Third Bankruptcy Case was a gross violation of Attorney
          Bosse's assorted bankruptcy duties --------------------------------- 18

    b.   A judgment procured by extrinsic fraud may be set aside as void ------ 18

VI.     CONCLUSION ----------------------------------------------------- **20**

**NONPROFIT LEGAL
SERVICES, INC.**
414 Yale Avenue, Suite B
Claremont CA 91711
(909) 293-8449

1
2

# TABLE OF AUTHORITIES

**Page**

3

**FEDERAL CASES**

4
5

Goldstein v. Stahl (In re Goldstein)
(2015), 526 B.R. 13 ------------------------------------------------------------------- 12

6
7

Hill v. Opus Corp.
(2011), 464 B.R. 361 ----------------------------------------------------------------- 5

8
9

In re Bonilla
(2017), 573 B.R. 368 ----------------------------------------------------------------- 6

10
11

In re Lewis (1997)
113 F.3d 1040 ------------------------------------------------------------------------ 18

12

In re Rheuban
(1990), 121 B.R. 368 ----------------------------------------------------------------- 16

13
14

In re Sundance Self Storage-El Dorado LP
(2012), 482 B.R. 613 ----------------------------------------------------------------- 13, 16

15
16

In re Waters (1989)
868 F.2d 665 ------------------------------------------------------------------------- 18

17
18

Sundquist v. Bank of Am., N.A.
(2017), 576 B.R. 858 ----------------------------------------------------------------- 16-17

**STATE CASES**

19
20

Estate of Beard
(1999), 71 Cal.App.4th 753 --------------------------------------------------------- 14

21
22

Estate of Sanders
(1985) 40 Cal.3d 607 ---------------------------------------------------------------- 21

23
24

OC Interior Servs., LLC v. Nationstar Mortg., LLC
(2017), 7 Cal.App.5th 1318 --------------------------------------------------------- 16

25
26

San Diegans for Open Government v. City of San Diego
(2015), 242 Cal.App.4th 416 ------------------------------------------------------- 14

27
28

**NONPROFIT LEGAL
SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

# TABLE OF AUTHORITIES (CONTINUED)

**Page**

**FEDERAL STATUTES**

Title 11, United States Code

§ 327 ------------------------------------------------------------------------------ 6, 12, 17

§ 328 ------------------------------------------------------------------------------ 12

§ 329 ------------------------------------------------------------------------------ 6, 13, 16, 17, 18, 20

§ 330 ------------------------------------------------------------------------------ 6

§ 541 ------------------------------------------------------------------------------ 5, 12

Title 28, United States Code

§ 157 ------------------------------------------------------------------------------ 13

§ 1334 ---------------------------------------------------------------------------- 13

**STATE STATUTES**

California Code of Civil Procedure

§ 473 ------------------------------------------------------------------------------ 14

**OTHER**

Federal Rules of Bankruptcy Procedure

Rule 2014 ------------------------------------------------------------------------- 6

Rule 2016 ------------------------------------------------------------------------- 6, 13, 16, 17, 18

Rule 2017 ------------------------------------------------------------------------- 6

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    INTRODUCTION

Plaintiff turned Judgment Creditor, GREGORY L. BOSSE ("Attorney Bosse"), has exploited the attorney-client relationship and eschewed his duties to both the state and federal courts. He did this in order to procure a money judgment now valued in excess of $200,000.

Despite this abrogation of duty, Attorney Bosse has in his possession a *void* judgment. It is incumbent on this Court, then, to make the appropriate corrections for the scrupulous administration of justice. Nothing less than *vacatur* and eventual dismissal will suffice in that endeavor.

### II.    FACTUAL/PROCEDURAL HISTORY

Ms. Ruiz and her then-husband, Ruben ("Ruben"), first retained Attorney Bosse sometime in early 2009 in order to prevent their eviction from a three-unit property located at 3540, 3540 ½, and 3542 E. 6th Street, Los Angeles CA ("Subject Property") (*see* Declaration of Kenya Ruiz, executed the 14th day of August, 2019, ¶¶ 3-4) (hereinafter "Ruiz Decl."). This eviction arose after National City Bank ("NCB") foreclosed on the Subject Property in November of 2008.

Much would happen surrounding the foreclosure and eviction, however – specifically, Los Angeles Case Nos. GC042508, 09U04263, 09U04258, 09U15312, 09U15988, and BC424268; as well as Bankruptcy Case Nos. 2:09-bk-20882-AA, 2:09-bk-26198-BR, and 2:10-bk-14951-VK.

Because of the number of cases, and their relevance to this matter, it's important to identify the involvement in each of them.

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

1
DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
BOSSE v. RUIZ, et al.

### a. Related Civil Case (GC042508) | NCB Eviction Cases: Nos. 09U04263, 09U04258, 09U15312, and 09U15988 | & Ruiz Foreclosure Case (BC424268)

After the Subject Property was foreclosed in November of 2008, third-party plaintiffs filed suit against Ms. Ruiz and Ruben under Case No. GC042508 (filed March 9, 2009). This suit involved a second mortgage lien secured by the same Subject Property. Attorney Bosse filed an answer on the Ruiz's behalf on April 23, 2009.

However, Case No. GC042508 eventually ended on August 3, 2009 as a result of Ms. Ruiz and Ruben's joint bankruptcy filing and the resulting automatic stay (with the plaintiffs, John and Michelle Sarkisian, then simply dismissing the civil case) (*see* RJN, submitted concurrently herewith, at Exhibit 1 [ROA for Case No. GC042508]) ("RJN"). (N.B., and as will be discussed below, said bankruptcy was filed on June 25, 2009 as a Chapter 13-petition prepared by Attorney Bosse, which would then be converted to Chapter 7 on or around August 12, 2019 (Case No. 2:09-bk-26198-BR) ("Bankruptcy Case")).

Also in March of 2009, NCB began the process of attempting to evict the Ruiz family and related tenants from the Subject Property. [1] Their first effort occurred with Case No. 09U04263 (filed March 24, 2009). A default then followed on April 27, 2009. However, the same automatic stay in the Bankruptcy Case would prevent any additional activity on this initial eviction case. Other than filing the notice of this stay, Attorney Bosse did not perform any work for Ms. Ruiz or Ruben in Case No. 09U04263 (*see* RJN, Exhibit 2 [ROA for Case No. 09U04263]).

---

[1]     The Subject Property consisted of three-units. Other tenants lived in the other units, so it's possible some of NCB's eviction cases pertained to these same tenants. However, that distinction makes no difference for purposes of this Motion.

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

2
DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
BOSSE v. RUIZ, et al.

A seemingly identical action was filed by NCB on March 24, 2009 under Case No. 09U04258. While this was also stayed by the Ruiz's bankruptcy filing, it appears it eventually ended in judgment by court trial held October 23, 2009. That judgment was in favor of Ms. Ruiz and Ruben, presumably through the assistance of Attorney Bosse (*see* Id., Exhibit 3 [ROA for Case No. 09U04258]; *see also* Declaration of Adam Dolce, executed the 15th day of August, 2019, Exhibit 1 [Appendix 1, Fig. 1.4 [Attorney Bosse billed $12,900 for efforts associated with this matter]) (hereinafter "Dolce Decl.").

Case No. 09U15312 was yet another unlawful detainer-action filed by NCB on October 27, 2009. Said case ended in a default judgment entered against unnamed tenants on December 2, 2009. Attorney Bosse did not make an appearance for Ms. Ruiz or Ruben in Case No. 09U15312 (*see* RJN, Exhibit 4 [ROA for Case No. 09U15312]) (*but see* fn. 1, infra).

Finally, Case No. 09U15988 was filed by NCB on November 6, 2009 ("UD Case"). This was several weeks after a wrongful foreclosure-lawsuit that had been filed by Ms. Ruiz against NCB (hereinafter "Foreclosure Case" [LASC Case No. BC424268]). In response to the filing of the UD Case, Attorney Bosse filed a demurrer on Ms. Ruiz and Ruben's behalf. Eventually the UD Case would end in a default judgment entered against the Ruiz family on July 8, 2010. During this same time, however, NCB failed to respond to the related Foreclosure Case and their default was entered on March 2, 2010.

In essence, each party had competing – or soon to be competing – judgments against the other that arose from two separate cases (though, technically, Ms. Ruiz never actually received a judgment in the Foreclosure Case).

NCB sought relief from their default in the Foreclosure Case by application filed sometime in December of 2010. Attorney Bosse substituted out of the Foreclosure Case

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

3
DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
BOSSE v. RUIZ, et al.

shortly after, and Ms. Ruiz's new attorney – Seth Davidson – brokered a settlement with NCB which ultimately resolved both the Foreclosure Case *and the* UD Case (*see* RJN, Exhibit 5 [ROA for Case No. 09U15988]; *accord* Ruiz Decl., ¶ 21).

### b.  Bankruptcy Petitions (Chapter 13 | Chapter 7 | Chapter 13)

As was previously mentioned, Attorney Bosse also encouraged and assisted Ms. Ruiz and Ruben with the filing of *three* separate bankruptcy efforts (*see* Ruiz Decl., ¶¶ 6-9, 15-16).

The first, a Chapter 13 filed on May 6, 2019 (<u>Case No. 2:09-bk-20882-AA</u>), was closed after a voluntarily dismissal effective May 21, 2009 (*see* RJN, Exhibit 6 [ROA for Case No. 2:09-bk-20882-AA]). It's likely this was the bankruptcy that on March 30, 2009 Attorney Bosse was paid $3,500.00 (*see infra*, fn. 1). However, by virtue of the voluntarily dismissal-date and the subsequent Bankruptcy Case to immediately follow, combined with Attorney Bosse's Declaration of Compensation in that subsequent bankruptcy, it's likely the $3,500.00 covered both.

This subsequent bankruptcy – or the Bankruptcy Case as previously designated – was a Chapter 13-converted to-Chapter 7 filed by Attorney Bosse on June 25, 2009. It was closed without discharge on March 25, 2010, then reopened by order dated May 20, 2010.  Eventually an order of discharge was entered by the United States Bankruptcy Court: Central District of California ("Bankruptcy Court') on September 24, 2010.

In other words, from August 12, 2009 to March 25, 2010, and again from May 20, 2010 to September 24, 2010, Mr. Ruiz and Ruben were debtors subject to a Title 11, Chapter 7-proceeding (*see* RJN, Exhibit 7 [ROA for Case No. 2:09-bk-26198-BR] (conversion date on August 12, 2009)). In addition to the $3,500.00, Attorney Bosse may have billed an additional $2,100.00 for this Bankruptcy Case (*see* Dolce Decl.,

NONPROFIT LEGAL
SERVICES, INC.
414 Yale Avenue, Suite B
Claremont CA 91711
(909) 293-8449

4
DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
BOSSE v. RUIZ, et al.

Exhibit 1 [Appendix 1, Fig 1.6] *cf. with* RJN, Exhibit 9 [pgs. 11, 13, 14]).

There final bankruptcy was then filed on February 11, 2010 as a Chapter 13 by Ms. Ruiz, acting "in pro per" (Case No. 2:10-bk-14951-VK) (this bankruptcy overlapped with the Bankruptcy Case) (*see* RJN, Exhibit 8 [ROA for Case No. 2:10-bk-14951-VK]). However, Attorney Bosse was in fact preparing the instruments on Ms. Ruiz's behalf despite her "in pro per"-status. He simply failed to disclose that much to the Bankruptcy Court, though he dutifully charged Ms. Ruiz for this work regardless (*see, e.g.,* RJN, at Exhibit 9 [pgs. 25, 27-28, 30, 32-33]); *see also* Dolce Decl., Exhibit 1 [Appendix 1, Fig 1.7] (Attorney Bosse charged $5,175.00 for this third bankruptcy filing alone)).

### i. Timing of Bankruptcy Case, Foreclosure Case, and UD Case

There is one element Ms. Ruiz would like to specially showcase for purposes to follow: The Foreclosure Case (filed October 22, 2009) and the UD Case (filed November 6, 2009) were both commenced during the pendency of the Bankruptcy Case (Chapter 7 conversion on August 12, 2009). With respect to the UD Case, NCB received relief from the automatic stay generated from the Bankruptcy Case effective September 26, 2009 (*see* RJN, Exhibit 7 [entry 09/26/2009]).

There is no evidence, however, indicating Ms. Ruiz received permission to commence the Foreclosure Case against NCB during the Bankruptcy Case. In short, Attorney Bosse assisted Mr. Ruiz in filing the Foreclosure Case despite the fact that those asserted causes of action were the exclusive property of the bankruptcy estate (per 11 U.S.C. § 541; *accord* Hill v. Opus Corp. (2011), 464 B.R.361, 380 ["The commencement of a bankruptcy case creates an estate comprised of 'all legal and equitable interests of the debtor" [...] including "intangible legal interests such as 'cause of action' belonging to the debtor."]).

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

5
DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
BOSSE v. RUIZ, et al.

Worse, Attorney Bosse did not clearly disclose his involvement in the Foreclosure Case to the Bankruptcy Court or the trustee handling the Bankruptcy Case, nor did he receive approval from either to conduct litigation efforts on Ms. Ruiz or Ruben's behalf during the pendency of their Bankruptcy Case. This was his ongoing obligation pursuant to 11 U.S.C. §§ 327, 329, 330 and Federal Rules of Bankruptcy Procedure ("FRBP"), Rules 2014, 2016, and 2017 ("[c]ompliance with Section 329 and Fed. R. Bankr. P. 2016(b) is mandatory," as it is "central to the integrity of the bankruptcy process," and even an inadvertent failure to fulfill these requirements is sanctionable [*see* In re Bonilla (2017), 573 B.R. 368, 382-393] (Puerto Rico)).[2]

**c. Trial and Judgment in the Underlying Matter – 2012 to 2015**

Nevertheless, this matter – *Bosse v. Ruiz, et al.* – began on March 8, 2012 ("Underlying Matter"). From the Court's Docket, Attorney Bosse filed a complaint for unpaid attorney fees alleging an outstanding balance of $97,000.00 owed to him from Ms. Ruiz and Ruben. These fees were substantiated by billing statements Attorney Bosse had compiled from 09/03/2009 through 08/01/2012. The last billable item occurred on January 6, 2011.  The majority of these items involved either the Foreclosure Case, the UD Case, or the Bankruptcy Case (or case*s*, as it were) (*see also* RJN, Exhibit 9 [generally, pgs. 11 through 47] *cf. with* Dolce Decl., Exhibit 1 [Appendix 1, Fig 1.2]).

The complaint anchoring the Underlying Matter alleged Ms. Ruiz and Ruben retained Attorney Bosse with respect to the UD Case, <u>only</u> (Court's File, Complaint

---

[2]      Attorney Bosse did coordinate an Amended Schedule B in the Bankruptcy Case – as filed December 22, 2009 – that updated Ms. Ruiz's personal property to include reference to the Foreclosure Case. However, the Foreclosure Case still lacked trustee and Bankruptcy Court-approval. Moreover, Attorney Bosse did not include updated payment information in this Amended Schedule (RJN, Exhibit 18 *cf. with* Dolce Decl., Exhibit 1 [Appendix 1, Fig 1.8]).

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

6
DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
BOSSE v. RUIZ, et al.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

filed March 8, 2012, ¶ BC-1). Attorney Bosse made no mention of the various

bankruptcy cases or that he was the Ruiz's attorney for those bankruptcy cases, nor did

he submit any proof of claims in the Bankruptcy Case (whether at the time of the

petition or by supplemental filing). In "helping" Ms. Ruiz with her "pro per"-paperwork

in the last bankruptcy case, Attorney Bosse also failed to list his accrued attorney fees as

unsecured debt (for instance, on the Statement of Financial Affairs as filed 02/25/2010

at Sections 4 and 9, respectively).[3] In essence, the Ruiz's bankruptcy attorney – that is,

Attorney Bosse – sought to guard himself against the effects of the very bankruptcy he

had led them through.

     Following what Attorney Bosse claimed was substitute service, Ms. Ruiz was then

held in default in the Underlying Matter with entry of that default entered May 18, 2012

(*see* Court's File, entry 05/18/2012). A default judgment followed in favor of Attorney

Bosse for an amount equal to $97,127.76, and was entered by the clerk on August 10,

2012 (Id.).

     On September 15, 2015, Ms. Ruiz moved to set aside this default judgment with

the assistance of her then-attorney, Seth Davidson. Ms. Ruiz based this motion on

Attorney Bosse's use of substitute service to effectuate the summons and complaint on

her at her *prior* work address. Ms. Ruiz further pointed out that the proof of service filed

by Attorney Bosse, for the summons and complaint in the Underlying Matter, identified

a "Mrs. Ramirez" as being served. However, no "Mrs. Ramirez" had ever worked at Ms.

---

[3]    By February 25, 2010, Attorney Bosse had claimed an open balance owed by Ms. Ruiz and Ruben
of approximately $50,000.00 (*see* RJN, Exhibit 9 *cf. with* Dolce Decl., Exhibit 1 [Appendix 1, Figs. 1.2
through 1.7]). A copy of Ms. Ruiz's Chapter 13-Petition dated 02/11/2010, with Schedules, is attached to
the Request for Judicial Notice at Exhibit 10. Ms. Ruiz's Amended Schedules, filed 02/25/2010, is
attached to the same Request at Exhibit 11. The Statement of Financial Affairs can be found at pages 14
through 20 of Exhibit 11.

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

7
DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
BOSSE v. RUIZ, et al.

Ruiz's prior business.[4]

After additional briefing from Attorney Bosse, the Court set aside the default judgment entered in the Underlying Matter by order dated December 16, 2015. Ms. Ruiz then filed an answer to Attorney Bosse's complaint the same day. Beginning on January 4, 2016, however, Ms. Ruiz then began representing herself out of a financial inability to pay Mr. Davidson (*see* Court's Docket, entry 01/04/2016; *accord* Ruiz Decl., ¶ 21).

### d.  Trial and Judgment in the Underlying Matter– 2016

After Ms. Ruiz's answer, and Mr. Davidson's departure as her attorney, Attorney Bosse issued written discovery consisting of Form Requests for Admission. Attorney Bosse sought two admissions – that the billing statements represented time and costs expended by his office in representing Ms. Ruiz and Ruben (a fact Ms. Ruiz and Ruben would have no actual way of knowing), and that the same statements had been previously sent to them (which they would).

According to Attorney Bosse, he issued these Form Requests on March 17, 2016 and Ms. Ruiz failed to timely respond on or before April 21, 2016. By motion then filed June 1, 2016, Attorney Bosse sought to have the Form Requests deemed admitted. Ms. Ruiz failed to oppose this motion, and the two Form Requests were so deemed on July 11, 2016 (*see* Court's File, "Motion to Compel" under ROA entries 74, 80). Attorney Bosse had also sought attorney fees for having to file a discovery motion, but this Court declined to grant them since Attorney Bosse was representing himself (Id., ROA entry

---

[4]    In support of this fact, Ms. Ruiz filed the Declaration of Ron Ridout, executed Feb. 24, 2015 and filed Sept. 15, 2015, who was Ms. Ruiz's boss at the address Attorney Bosse used for service. Mr. Ridout testified as to Ms. Ruiz's departure date and that there was no person named Ms. Ramirez at his office when Attorney Bosse claims to have served process. Materials relating to Ms. Ruiz's efforts to set aside the initial default judgment, and Attorney Bosse's opposition, are already a part of the Court's file at ROA Nos. 35 through 47.

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

8
DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
BOSSE v. RUIZ, et al.

81).

On October 17, 2016, trial in the Underlying Matter took place. The Court found Ms. Ruiz had received notice of trial (by mailing from Attorney Bosse's own legal secretary, Lynn Castro); that Ms. Ruiz had failed to appear for the trial; then swore Attorney Bosse to testify and give evidence. Attorney Bosse offered three exhibits in support of his case-in-chief: his written retainer agreement with the Ruiz family; the same billing statements that had already been deemed admitted as true by the Court; and the notice of client's right to arbitrate dispute (*see* Court's File, ROA Entry 85).

Following these proofs, the Court entered a final judgment in Attorney Bosse's favor and against Ms. Ruiz for $167,152.76 (Id., ROA Entries 88, 92).[5] Attorney Bosse would eventually secure an additional abstract of judgment against Ms. Ruiz. He has been collecting monthly payments from Ruben since, and currently has an enforceable lien on each Ms. Ruiz and Ruben's properties (*see* Ruiz Decl., ¶¶ 18-19).

**e. Unrelated Case Involving Attorney Bosse**

In an unrelated matter, the undersigned represented a separate individual in a lawsuit filed on their behalf against Attorney Bosse. This lawsuit was filed on May 8, 2017, and was eventually set for trial beginning January 28, 2019.

As part of the trial preparation, the undersigned conducted impeachment investigation consisting of reviewing publicly-available information involving Attorney

---

[5]    Aside from the merits of this motion, the Court should take notice that the judgment entered in Attorney Bosse's favor includes an astonishing $67,790.00 "service charge."

While Code of Civil Procedure § 580 permits the Court to grant a plaintiff any relief consistent with his or her complaint and those issues embraced by it, it's hard to fathom how a breach of contract-action could include a service charge equal to over 2/3 of the claimed damage amount. Either this is an unconscionable liquidated damage provision, to the extent Attorney Bosse has received general damages *and* liquidated damages, or it constitutes an unacceptable punitive amount added to a breach of contract-judgment.

**NONPROFIT LEGAL
SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

9
DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
**BOSSE v. RUIZ, et al.**

Bosse – including all of the former clients Attorney Bosse had sued in Orange and Los Angeles Counties. As part of that investigation, Ms. Ruiz was interviewed. In addition, an investigation into the various cases Attorney Bosse had represented Ms. Ruiz on was similarly performed.

That investigation led the undersigned to Case No. 09U15988 – which was the UD Case for which Attorney Bosse had claimed in the Underlying Matter was the basis for his unpaid attorney fees. The UD Case could not be found via the Los Angeles County Superior Court Case Access-Page, however; at least not through the LA County-website.

At the clerk's office, it was learned the UD Case had been filed away under seal and had been under seal from the time it had been disposed of (or, approx., 2010). It was only after requesting the hard-copy of the file in person did the UD Case become publicly-available for the undersigned's actual review (*see*, *generally*, Dolce Decl., ¶¶ 3-12).

### ii.  The UD Case *cf. with* Attorney Bosse's Billings

The purpose for this unrelated case's mention is relevant as follows: in reviewing the docket to the UD Case with Attorney Bosse's billing statements – the same billing statements that were deemed admitted as true and accurate with this Court – unusual disparities arose.

For every court appearance in the UD Case not involving the trial, for example, Attorney Bosse typically charged Ms. Ruiz and her then-husband approximately $1,050.00 for three and a half hours' worth of work. However, at every actual appearance required in the UD Case an appearance attorney was used (*see* Dolce Decl., Exhibit 1 [Appendix 1 and 2, Fig. 1.5 and Fig. 2.2] *cf. with* RJN, Exhibit 12 [Certified Copies of Minute Orders/Judgment]). This occurred on December 30, 2009; January 4,

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
BOSSE v. RUIZ, et al.

2010; and January 12, 2010. Attorney Bosse billed Ms. Ruiz a total of $3,150 for appearances at these non-trial hearings. He did not disclose that he secured Jeffrey R. Davis as an appearance attorney, or that the outcome of these appearances involved receiving a simple continuance.

The same situation also arose regarding trial and trial preparation in the UD Case. For an eviction defense arising in Case No. 09U15988 – involving nearly identical facts and circumstances relating to Case No. 09U04258 – Attorney Bosse billed Ms. Ruiz and Ruben thirty (30) total hours at a cost of $9,000.00. These billings involved either "preparing for trial" or the "trial" itself (occurring on 02/10/2010 (5.00 total hours); 02/15/2010 (2.50 hours); 02/16/2010 (6.50 hours); 03/08/2010 (2.50 hours); 03/09/2010 (6.50 hours); 04/14/2010 (3.50 hours); 05/05/2010 (2.50 hours); and 05/20/2010 (1.00 hour)) (*see* RJN, Exhibit 9 [pgs. 24-25, 27, 30, 32, 33] *cf. with* Dolce Decl., Exhibit 1 [Appendix 1, Fig 1.5]).[6] The Court should keep in mind Attorney Bosse billed nearly 110 hours <u>in addition</u> to the trial-related hours in the UD Case.

Yet on the morning that the trial actually happened – or July 8, 2010 – after billing his clients $41,965.00 in attorney fees, Attorney Bosse didn't actually attend the scheduled trial (*see* RJN, Exhibit 13 [Certified Minute Order 07/08/2010]). Nor did anyone else.

Attorney Bosse's failure generated the default judgment against the Ruiz family in the UD Case (as can be found at RJN, Exhibit 13). In fact, in the entire span of Case

---

[6]    The mention of Case No. 09U04258 must be highlighted. Captioned *National City Bank v. Kenya Ruiz, et al.*, this case was filed on March 24, 2009 and ended in judgment in Ms. Ruiz's favor on October 23, 2009. Attorney Bosse billed a total of forty-three hours relating to this case, thirty (30.00) of which were incurred for "preparing for trial" or the "trial" itself. That is another $9,000. Which means Attorney Bosse had sufficiently prepared for trial in October of 2009, and then charged an additional thirty (30) hours to become sufficiently prepared for a trial in July of 2010 he didn't attend involving facts and circumstances he had already tried.

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

11
DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
BOSSE v. RUIZ, et al.

No. 09U15988, Attorney Bosse did not make a single appearance on Ms. Ruiz or Ruben's behalf (*see* Dolce Decl., Exhibit 2 [Appendix 2, Fig. 2.2] *cf. with* RJN, Exhibit 12 and 13 thereto).

Separate and apart from the jurisdictional issues contemplated by this motion, Attorney Bosse's billing statements are somewhat shocking in their absurdity. For the benefit of the Court, however, and in a supplemental appendix provided concurrently herewith, Ms. Ruiz has provided a detailed accounting of this absurdity (at Decl. of Dolce, Exhibits 1 and 2 [Appendices 1 and 2]).

## III.    SUMMARY OF ARGUMENT

Attorney Bosse has committed both fraud upon his own client and fraud upon this Court, and the product of this fraud is a void judgment. The Foreclosure Case was commenced during the Bankruptcy Case. Said case, which made up a sizable bulk of Attorney Bosse's billings (*see* Dolce Decl., Exhibit 1 [Appendix 1, Fig 1.3] (129.75 hours accrued [$38,925.00]), belonged to the Chapter 7 bankruptcy estate in accordance with 11 U.S.C. § 541(a)(1) (*accord* <u>Goldstein v. Stahl (In re Goldstein)</u> (2015), 526 B.R. 13, 21 [reflecting long-standing rule pre-petition tort and contract-related claims belong to the bankruptcy estate]).[7]

Attorney Bosse's employment in the Foreclosure Case, then, required the trustee and Bankruptcy Court's approval (*per* 11 U.S.C. §§ 327(a), 328(a)). Moreover, any agreements between Attorney Bosse and Ms. Ruiz required Attorney Bosse's disclosure

---

[7]    The "wrongful foreclosure" of the Subject Property was alleged to have taken place on or before the actual foreclosure sale occurred, or November 10, 2008. All of the causes of action listed in Case No. BC424268 accrued on or before November 10, 2008, which would be well before the date the Bankruptcy Case was filed (June 25, 2009) (*see also* RJN, Exhibit 15 [Conformed Cover Page of Complaint & ROA]).

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

12
DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
BOSSE v. RUIZ, et al.

to the Bankruptcy Court (*see* 11 U.S.C. § 329(a)), and was his ongoing obligation even after the filing of each bankruptcy petition (*see* FRBP, Rule 2016(b)). The reason for this is due to the nature of bankruptcy and the Bankruptcy Court's exercise of <u>original</u> and *exclusive* jurisdiction over the debtor's employment of counsel, their compensation, and their disclosure obligations during the pendency of a bankruptcy (<u>In re Sundance Self Storage-El Dorado LP</u> (2012), 482 B.R. 613, 624 (Bankr. E.D. Cal.) *citing to* 28 U.S.C. § 1334(e)(2) and 28 U.S.C. § 157 [for purposes of what constitutes a "core proceeding" in a bankruptcy]).

These same rules apply to the fees compiled by Attorney Bosse during the UD Case, as well, since it was both a proceeding in connection with the Bankruptcy Case *and* it concerned the administration of the Chapter 7 estate. Ms. Ruiz will forego speaking to the massive conflict of interest at play between Attorney Bosse compiling thousands of dollars in attorney fees separate and apart from the bankruptcy that he was representing the debtor on.

Secondly, Attorney Bosse identified his compensation in the Bankruptcy Case as $3,500. In his own declaration, he claimed this was all that he was charging for the Bankruptcy Case and for those services rendered *in connection with* the Bankruptcy Case (*see* RJN, Exhibits, 14; *see also* Id., Exhibit 18 [Amended Schedule, p. 8]). In the subsequent Chapter 13-bankruptcy petition filed by Ms. Ruiz in pro per, however (which Attorney Bosse charged Ms. Ruiz to prepare), Attorney Bosse failed to include a similar declaration.

He also failed to include his accrued attorney fees and those payments that had been paid to him by the Ruiz family as part of the schedules annexed to this Chapter 13-petition (*see* RJN, Exhibits 10 and 11 [Chapter 13 Petition and Schedules]). Basically,

**NONPROFIT LEGAL
SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

13
DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
**BOSSE v. RUIZ, et al.**

Attorney Bosse had taken the biggest liability Ms. Ruiz would ever see outside of a mortgage, and led his own client into a situation where the Bankruptcy Court could not have oversight on those same fees.

Finally, and as alternative grounds for relief, by introducing and relying on billing statements he knew were false (and having this Court validate those statements as part of the judgment that followed), combined with his knowledge the UD Case had been sealed from public view, Attorney Bosse committed extrinsic fraud for which relief would also be warranted.

## IV.    LEGAL AUTHORITY

In relevant part, California Code of Civil Procedure § 473(d) states:

"(d) The court may [...] on motion of either party after notice to the other party, set aside any void judgment or order."

Void judgments occur when a court lacks subject-matter jurisdiction – i.e., "the power of the court over a cause of action or to act in a particular way." (San Diegans for Open Government v. City of San Diego (2015), 242 Cal.App.4th 416, 427 [when a court "lacks jurisdiction in [this] fundamental sense, an ensuing judgment is void, and thus vulnerable to direct [...] attack **at any time**."] (emphasis added)).

Related, this Court also has inherent authority to set aside or modify a judgment procured by extrinsic fraud or mistake. The former is a "broad concept that tends to encompass almost any set of extrinsic circumstances which deprive a party of a fair adversary hearing." (Estate of Beard (1999), 71 Cal.App.4th 753, 774). "No abstract formula exists for determining whether a particular case involves extrinsic, rather than intrinsic, fraud. It is necessary to examine the facts in the light of the policy that a party who failed to assemble all his evidence at the trial should not be privileged to relitigate a

**NONPROFIT LEGAL
SERVICES, INC.**
414 Yale Avenue, Suite B
Claremont CA 91711
(909) 293-8449

14
DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
**BOSSE v. RUIZ, et al.**

case, as well as the policy permitting a party to seek relief from a judgment entered in a proceeding in which he was deprived of a fair opportunity fully to present his case." (Id.)

## V.    ARGUMENT

The perfect crime is said to be the padding of bills, but perhaps the perfect protection of this crime is to do so during and after a bankruptcy – especially when trusting debtors are involved.

That is the case here, to the extent Ms. Ruiz and Ruben likely had no knowledge of the requirements involved with filing bankruptcy, little understanding to how their own attorney was billing them, and even lesser understanding as to what relief they may have against such conduct. In short, they made the mistake of trusting the one person who should have automatically bestowed upon them the highest duties of good faith, fair dealing, and honesty. And they did so because their chief motivation was to save the Subject Property, thinking Attorney Bosse would help them do just that.

Instead, he pulled the proverbial blinds over everyone's eyes in one form or another. First, Attorney Bosse kept the Bankruptcy Court and trustee in the dark as to cases and fees being accrued separate and apart from the Bankruptcy Case. Second, he confounded Ms. Ruiz and her former husband as to what they should be charged in these same matters, even when those charges involved work that wasn't actually performed.

He then continued this charade and masquerading with this Court by setting forth evidence he knew was false; doing so, one suspects, because he also knew an overworked judiciary would not inspect his billing statements for inflations and discrepancies – least of which should come from an officer of the court duty-bound to be candid.

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

15
DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
BOSSE v. RUIZ, et al.

Separate and apart from what this may say about Attorney Bosse as an attorney or fiduciary, "[a] void judgment [or order] is, in legal effect, no judgment. By it, no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one." (OC Interior Servs., LLC v. Nationstar Mortg., LLC (2017), 7 Cal.App.5th 1318, 1330).

For the reasons to follow, this Court is required to declare void its prior judgment in the Underlying Matter and to dismiss with prejudice the case outright.

**a. The Bankruptcy Code governed the majority of Attorney Bosse's billing statements, and were required to be decided in the Bankruptcy Case (or cases) by the Bankruptcy Court**

The Bankruptcy Court has original and exclusive jurisdiction over the employment of counsel, their compensation, and their disclosure obligations (*see* In re Sundance Self Storage-El Dorado LP (2012), *supra at* 624).

Under 11 U.S.C. § 329(a), the Bankruptcy Court is also responsible for reviewing an attorney's "statement of compensation paid or agreed to be paid [...] for services rendered in contemplation of or *in connection with* the [bankruptcy case] by such attorney, and the source of such compensation." (emphasis added). For services "in connection with" a bankruptcy case, the test used is an objective one determining "whether the services rendered by an attorney have or will have an impact on the bankruptcy case." (In re Rheuban (1990), 121 B.R. 368, 378 (Bankr. C.D. Cal.)).

In addition, FRBP Rule 2016(b) makes this duty of disclosure ongoing, requiring supplemental statements of disclosure for "any payment or agreement not previously disclosed" to the bankruptcy trustee. This is true whether or not an attorney files a request for compensation with the bankruptcy estate, and could continue *ad infinitum* (*see* Sundquist v. Bank of Am., N.A. (2017), 576 B.R. 858, 875 (Bankr. E.D. Cal.) ["At

NONPROFIT LEGAL SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

1
2
3

face value, the payments and agreements subjected to disclosure each back one year before the filing of the petition and extend after the filing of the petition indefinitely – theoretically, to the end of time."]).

4
5
6
7
8
9
10
11
12
13
14

While the Underlying Matter was commenced years after the Bankruptcy Case had closed, it still involved causes tied directly to compensation and employment subject to the United States Code at Title 11. In short, Attorney Bosse's commencement of the Foreclosure Case (a claim of the Chapter 7-estate), defense of the UD Case (without approval or disclosure to the Bankruptcy Court of the fees he was charging, or the underlying agreement on which these fees were based), and *additional* billings to Ms. Ruiz for the Bankruptcy Case and subsequent Chapter 13 bankruptcy case – all of which were part of the judgment in the Underlying Matter – fell within the subject matter-jurisdiction of the Bankruptcy Court.

15
16

### i.   The Foreclosure Case was in connection with the Bankruptcy Case

17
18
19
20
21

A victory in the Foreclosure Case – which would either grow or preserve Ms. Ruiz's bankruptcy estate – would have had a direct impact on the Bankruptcy Case. Attorney Bosse's failure to get approval and/or disclose his role in the Foreclosure Case was a clear violation of his obligations under 11 U.S.C. §§ 327, 329, and FRBP 2016(b).

22

### ii.   The UD Case was in connection with the Bankruptcy Case

23
24
25
26
27
28

Similarly, the UD Case would have also had an impact on the Bankruptcy Case. Attorney Bosse had entered into a retainer agreement involving the defense of an eviction for which NCB had already received relief to pursue. The UD Case was, in fact, linked with the Bankruptcy Case since one could argue the purpose of the Bankruptcy Case (and subsequent overlapping Chapter 13-petition filed in 2010) was meant to

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

17
DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
BOSSE v. RUIZ, et al.

prevent the eviction of Ms. Ruiz and Ruben.

### iii.  The Third Bankruptcy Case was a gross violation of Attorney Bosse's assorted bankruptcy duties

Ms. Ruiz's Chapter 13 *in pro per*-filing, despite being prepared by Attorney Bosse, also required the very disclosures called for by 11 U.S.C. § 329 and FRBP 2016(b). Attorney Bosse avoided having to fulfill these duties by simply removing his name from the petition and schedules. The idea being no one would be the wiser, and his obvious conflict-of-interest would proceed unchecked.

Yet he still billed Ms. Ruiz for his work (*see* RJN, Exhibit 9 [pgs. 25, 27, 28, 30, 32-33] *cf. with* Dolce Decl., Exhibit 1 [Appendix 1, Fig 1.7]). Such a tactic completely circumvents the purpose of these disclosures and the inherent powers of the Bankruptcy Court (*see*, *e.g*., In re Lewis (1997) 113 F.3d 1040, 1045 (9th Cir.) ["An attorney's failure to obey the disclosure and reporting requirements of the Bankruptcy Code and Rules gives the bankruptcy court the discretion to order disgorgement of attorney fees."]). In fact, these requirements are meant to protect "the debtor against overreaching" by a debtor's attorney (In re Waters (1989), 868 F.2d 665, 667 (4th Cir.) [further holding, "any payment made to an attorney for representing a debtor in connection with a bankruptcy proceeding is reviewable by the bankruptcy court [.]").

### b.  A judgment procured by extrinsic fraud may be set aside as void

Even if the current judgment wasn't void for lack of subject matter-jurisdiction, however, the same judgment could be set aside by this Court as the product of extrinsic fraud.

The question to be answered is whether Ms. Ruiz was deprived a fair hearing in the Underlying Matter by virtue of the facts and circumstances described within these

18

DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT

**BOSSE v. RUIZ, et al.**

papers. Since Attorney Bosse based his complaint on the UD Case, and the UD Case was

sealed from public view (which this Court would be fair to assign knowledge of this fact

to Attorney Bosse), and there was no way for Ms. Ruiz to know the ins-and-outs of

unsealing a UD Case (to check and cross-check Attorney Bosse's billings, for example),

Ms. Ruiz was deprived a fair opportunity to disprove Attorney Bosse's heretofore perfect

scheme. Consider, really, the masterful trajectory at work in the Underlying Matter by

Ms. Ruiz's own fiduciary:

Attorney Bosse compiled almost six figures worth of attorney fees, the majority of

which came during an active bankruptcy. He did not disclose these fees. In addition to

the $3,500-payment he *did* disclose to the Bankruptcy Court, he went on to collect

$21,077.15 in undisclosed sums directly from Ms. Ruiz and outside third parties (*see*

Dolce Decl., Exhibit 1 [Appendix 1, Fig 1.8] *cf. with* RJN, Exhibit 9 [pgs. 12, 17, 19, 25,

28, 34, 37, and 46]). Outside of $200.00, this was all collected during the Bankruptcy

Case. As has been established, neither the Bankruptcy Court nor the trustee knew about

any of this.

Years after the Bankruptcy Case was closed, Attorney Bosse then filed a lawsuit

against Ms. Ruiz. The Underlying Matter was represented as being about an unlawful

detainer-case that just so happened to have been sealed. Of all the discovery

mechanisms, Attorney Bosse chose to issue admission requests to an unrepresented

litigant. Is it a far stretch to assume the goal in doing so was to hope Ms. Ruiz would fail

to respond – which is not that lofty of a goal when facing an unrepresented litigant –

and to then get the same requests deemed automatically admitted?

Having gotten the admissions – which involve assigning truth to billing

statements that neither Ms. Ruiz nor Ruben would have any capacity to admit as being

**NONPROFIT LEGAL
SERVICES, INC.**
414 Yale Avenue, Suite B
Claremont CA 91711
(909) 293-8449

19
DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
**BOSSE v. RUIZ, et al.**

true – the trial to follow was almost unnecessary.

Beyond that, Attorney Bosse's billings speak volumes. In the Foreclosure Case, it took him 28-hours to research and draft the operative complaint. That's $8,400.00. He billed for injunctions that never happened. For efforts relating to an entry of default and default judgment, a relatively standard procedure for most attorneys, he charged another $20,175.00 (*see* Dolce Decl., Exhibit 1 [Appendix 1, Fig. 1.3] *cf. with* RJN, Exhibit 9 [pgs. 24 through 36]).[8]

Consider simply as a microcosm Attorney Bosse's entry on March 15, 2010: 6.50 hours for a "Court hearing; [to] review Court Docket and Minutes" in what is identified as "Ruiz adv. National City Bank." (RJN, Exhibit 9 [p. 27]).

This should mean the UD Case, but there was no hearing on March 15, 2010 in the UD Case. There was, however, an OSC set for the same date in the Foreclosure Case (*see* RJN, Exhibit 16). But this OSC was as a result of Attorney Bosse's failure to timely seek the default of NCB. In any event, no one appeared in court on the 15th of March, 2010 (Id.). Yet $1,950.00 was billed to Ms. Ruiz anyway.

## VI.    CONCLUSION

Attorney Bosse knowingly violated Bankruptcy Code § 329 during the pendency of Ms. Ruiz's Bankruptcy Case. Since the Bankruptcy Court retains exclusive jurisdiction over pre-petition attorney fees for both bankruptcy cases, and those fees "in connection

---

[8]     From 02/23/2010 and 03/02/2010, Ms. Ruiz was billed 4.50 combined hours for Attorney Bosse to "prepare and file request for entry of default." Most attorneys would spend perhaps five minutes to prepare a Form CIV-100.

Consider also 04/24/2010 (3.50), 04/29/2010 (3.50) 04/30/2010 (2.50), 05/06/2010 (3.00), 05/13/2010 (2.50), 05/21/2010 (4.500, 05/24/2010 (2.50), 05/25/2010 (4.50). Most of these involve Attorney Bosse "begin[ning] to prepare the default package." How many times can one attorney begin the same package? These numbers do not even contemplate Attorney Bosse "finaliz[ing]" the same packages.

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

20
DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
BOSSE v. RUIZ, et al.

1
2
3

with such" bankruptcy cases, the judgment arising in the Underlying Case – which is based on Attorney Bosse's fees before and during the Bankruptcy Case – is void for lack of jurisdiction.

4
5
6
7
8
9
10

And even if Attorney Bosse could somehow argue that his attorney fees were compiled *after* the Bankruptcy Case was commenced (even though a third bankruptcy was filed by him [in substance if not form] in February of 2010), the judgment incorporates attorney fees that were subject to the exclusive jurisdiction of the Bankruptcy Court. As a bankruptcy attorney, Attorney Bosse either knew this or should have known this.

11
12
13
14
15
16
17
18

Notwithstanding jurisdictional concerns, Attorney Bosse has charted for himself what he thought was the perfect scheme. But documents do not lie, nor do – thankfully – the courts. Hours upon hours of work was billed to the Ruiz family which they could not verify, since the UD Case was put away under seal. In these circumstances, and absent the jurisdictional avenue of relief, Ms. Ruiz would ask that this Court treat her failure to defend herself in the Underlying Matter a product of extrinsic fraud.

19
20
21
22
23
24

Doing so, the Court should vacate the judgment. As Ms. Ruiz's fiduciary, Attorney Bosse was in a special relationship with her owing duties that have obviously been violated in procuring the subject judgment. In these unique circumstances, that alone may support a finding of extrinsic fraud (*see* Estate of Sanders (1985), 40 Cal.3d 607, 615 [special circumstances for fiduciaries]).

25
26
27
28

The undersigned is aware this Memorandum exceeds the page limits set by California Rules of Court, Rule 3.1113. However, Ms. Ruiz would request that the Court still consider the pages exceeding this limitation as is contemplated by Rule 3.1113(g).
///

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

Dated: 15 August 2019      Respectfully submitted by,

**NONPROFIT LEGAL SERVICES, INC.**

**_/s/ Adam D. Dolce _____**

ADAM DOLCE, ESQ.,

Attorney for the Defendant/Judgment Debtor:
KENYA RUIZ

**NONPROFIT LEGAL
SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

22
DEFENDANT KENYA RUIZ'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE/SET ASIDE JUDGMENT
**BOSSE v. RUIZ, et al.**