| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>Central Justice Center<br>700 W. Civic Center Drive<br>Santa Ana, CA 92702 ||
|---|---|
| **SHORT TITLE:** Bosse vs. Ruiz ||
| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2012-00551965-CU-CL-CJC** |

I certify that I am not a party to this cause. I certify that a true copy of the above dated has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 2/20/20. Following standard court practice the mailing will occur at Sacramento, California on 2/21/20.

GREGORY L. BOSSE
940 W 17TH STREET
SANTA ANA, CA 92706

Clerk of the Court, by: _Julia B. Almazan_ , Deputy

I certify that I am not a party to this cause. I certify that the following document(s), dated , have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on February 20, 2020, at 11:59:43 AM PST. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

NONPROFIT LEGAL SERVICES, INC.
THENONPROFITLAWFIRM@GMAIL.COM

Clerk of the Court, by: _Julia B. Almazan_ , Deputy

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 02/20/2020          TIME: 11:52:00 AM     DEPT: C15
JUDICIAL OFFICER PRESIDING: Nathan Scott
CLERK: Julia Almazan
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: Diana Acosta

CASE NO: **30-2012-00551965-CU-CL-CJC**  CASE INIT.DATE: 03/08/2012
CASE TITLE: **Bosse vs. Ruiz**
CASE CATEGORY: Civil - Unlimited    CASE TYPE: Other Collections

EVENT ID/DOCUMENT ID: 73227856
**EVENT TYPE:** Under Submission Ruling

**APPEARANCES**

There are no appearances by any party.

See attached ruling.

Court orders clerk to give notice.

::

..

Defendant Kenya Ruiz's motion to vacate came regularly for hearing on 11/4/19. The court heard argument from all parties and took the matter under submission. It vacated submission on 12/2/19 to invite supplemental briefing, which the parties provided. The court heard additional argument on 1/13/20 and took the matter under submission.

After considering all of the briefing and argument, and good cause having been shown, the court now rules.

> The motion is granted. The 10/27/17 judgment is vacated.
>
> A status conference is set for 7/6/20 to determine whether plaintiff has obtained a fee determination from the bankruptcy court and how this matter should proceed. The parties shall file status reports (5 pages or less) no later than 6/26/20.

"'A judgment rendered by a court that does not have subject matter jurisdiction is void and unenforceable and may be attacked anywhere, directly or collaterally . . . .'" (*Marlow v. Campbell* (1992) 7 Cal.App.4th 921, 928.)

The bankruptcy court has "original and exclusive jurisdiction over the employment of counsel [and] their compensation." (*In re Sundance Self-Storage-El Dorado LP* (2012) 482 B.R. 613, 624.)

Exclusive jurisdiction over counsel's fees does not necessarily end when the bankruptcy is over. Even after dismissal, the bankruptcy court retains ancillary jurisdiction to determine reasonable compensation for counsel. (See *In re Sweports, Ltd.* (7th Cir. 2015) 777 F.3d 364, 366-368 (*Sweports*).) "Such a ruling would create a debt"; counsel can take the ruling "into state court as a basis for obtaining damages." (*Id.* at p. 367.)

*Sweports* rejected the bankruptcy judge's "bare, formalistic conclusion that with dismissal [the court lost] jurisdiction to do *anything* further that would be related to the bankruptcy." (*Sweports, supra*, 777 F.3d at p. 368.) This court finds Judge Posner's reasoning more persuasive than that of lower courts reaching a contrary result. (See Fitzgerald, Gonzalez, & Walrath, *Practice Guide: Bankruptcy, National Edition* (The Rutter Group 2019) ¶ 1:996.2-1:996.2b [citing cases and noting conflict].)

Here, counsel seeks attorney fees incurred in connection with bankruptcies, one that resulted in an order of discharge and two that were dismissed. The

court had wondered whether counsel could preserve the portion of his judgment related to the dismissed cases. (See 1/13/20 minute order.) *Sweports* resolves any doubt. Jurisdiction over counsel's claims for bankruptcy-related compensation – even for work in the dismissed cases – remains with the bankruptcy court.

The cases on which the court had invited supplemental briefing are inapplicable to fee requests by bankruptcy counsel. They instead allow a party to recover contractual or statutory attorney fees in state court from the opposing litigant after that litigant's bankruptcy is dismissed. (See *Chinese Yellow Pages Company v. Chinese Overseas Marketing Service Corp.* (2009) 170 Cal.App.4th 868 [judgment creditor may recover statutory enforcement-of-judgment fees incurred in judgment debtor's bankruptcy]; *Jaffe v. Pacelli* (2008) 165 Cal.App.4th 936 [judgment creditor may recover statutory enforcement-of-judgment fees incurred in adversary proceeding against judgment debtor]; *Circle Star Center Associates L.P. v. Liberate Technologies* (2007) 147 Cal.App.4th 1203 [landlord may recover contractual attorney fees incurred in moving to dismiss tenant's bankruptcy].)

None of these cases relieve bankruptcy counsel from seeking bankruptcy court approval for his compensation in bankruptcy-related matters.

This is the order of the court. Plaintiff shall give notice.