**NONPROFIT LEGAL SERVICES, INC.**
Adam Dolce, Esq. [SBN 310112]
414 Yale Avenue, Suite B
Claremont, CA 91711
Telephone: (909) 542-9030
Fax: (909) 992-3554
Email: thenonprofitlawfirm@gmail.com

Attorney for Debtor, KENYA RUIZ

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| IN RE:<br><br>RUBEN RUIZ; and<br>KENYA RUIZ,<br><br>Debtors. | **Case No. 2:09-bk-26198-BR**<br>Chapter 7<br><br>Related Cases: 2:09-bk-20882-AA; and 2:10-bk-14951-VK<br><br>**DEBTOR KENYA RUIZ'S MOTION FOR SANCTIONS AS AGAINST GREGORY L. BOSSE**<br><br>**Hearing Date/Time**<br>TBD (pending reopening) |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS:**

PLEASE TAKE NOTICE that pursuant to 11 USC §§ 327 through 329; the FRBP, Rules 2016, 2017, 9011; and the Central District's Local Rules, Rules 2090-2, 9011-3, Bankruptcy Debtor, KENYA RUIZ, by and through her counsel, will and hereby does move this Court for an order sanctioning Ms. Ruiz's former attorney-of-record, GREGORY L. BOSSE, in an amount equal to the total amount Ms. Ruiz currently owes her attorney, the fees and costs for this motion, as well as the motion to disgorge, and for all other relief the Court deems just and proper.

**NONPROFIT LEGAL SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

1
DEBTOR KENYA RUIZ'S NOTICE OF AND MOTION FOR SANCTIONS
**IN RE KENYA RUIZ**

Debtor believes that figure is equal to at least $38,318.64, with adjustments depending on the extent of any reply work/appearances, as is more particularly set forth in the Declaration of Adam Dolce and exhibits thereto.

### DATE & TIME OF HEARING

Hearing as to this Motion will be held before the Hon. B. Russell, United States Bankruptcy Court, Central District of California, 255 East Temple Street, Los Angeles, CA 90012. Appearances will be accommodated via ZOOM. However, the appearance, day, and time are all dependent on the reopening of this case currently set for hearing November 3, 2020. Debtor/Moving Party will provide notice if reopening occurs.

This Motion is supported by the statements provided herein, the Memorandum of Points and Authorities filed concurrently herewith, the Declarations of Adam Dolce and Kenya Ruiz and all exhibits thereto, along with the corresponding Motion for Disgorgement also filed concurrently herewith. This Motion, and the Motion for Disgorgement, will be further supported by Ms. Ruiz's Request for Judicial Notice under Federal Rules of Evidence, Rule 201.

### STATEMENT OF REASONS IN SUPPORT
### LBR 9013-1(c)(3)(B)

1. The Debtor, along with her husband, Ruben Ruiz, filed a voluntary bankruptcy petition in this matter under Chapter 13 on June 25, 2009. Their retained counsel at the time was Gregory L. Bosse.

2. As part of the initial filing, Mr. Bosse disclosed the total amount of fee that he was receiving from the Debtor as $3,500.00 (*see* ECF Doc No. 1, Filed 6/25/09, p. 36 of 50).

NONPROFIT LEGAL SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

2
DEBTOR KENYA RUIZ'S NOTICE OF AND MOTION FOR SANCTIONS
IN RE KENYA RUIZ

3. Mr. Bosse certified this as his complete statement relating to his compensation in the matter (Id., p. 37 of 50; *see also* Request for Judicial Notice, filed concurrently herewith, Exhibit 14) (hereinafter "RJN").

4. This bankruptcy was then converted to a Chapter 7 bankruptcy on August 12, 2009 (*see* ECF Doc. No. 11).

5. As part of amended schedules filed on December 12, 2009, Mr. Bosse iterated that his only fee in the matter was $3,500.00 (ECF Doc No. 30, p. 8 of 14).

6. However, in these same amended schedules, Mr. Bosse references a lawsuit commenced by Debtor Ruiz on October 22, 2009 captioned Kenya Ruiz, et al v. National City Bank et al, LASC Case No. BC424268 (*see* ECF Doc. No. 30, p. 6 of 14) ("WF Case").

7. Mr. Bosse was the attorney-of-record in the WF Case at its commencement (*see* Decl. of Adam Dolce, filed concurrently herewith, **Exhibit 1** [complaint]).

8. The complaint in the WF Case, as referenced above, involved causes of actions that all accrued prior to the commencement of this bankruptcy matter. As a matter of law under 11 U.S.C. § 541, those causes of actions belonged to the debtors' bankruptcy estate.

9. Mr. Bosse did not disclose to this Court his involvement in the WF Case. He did not disclose, or receive approval for, his fee agreement, or for those fees that he was charging the debtor (and her then-husband). He also did not disclose to, or receive approval from, the trustee that he was pursuing this civil matter on the Ruiz's behalf, despite the fact these were causes of action belonging to the debtors' bankruptcy estate.

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

10. These debtors then received a discharge in this matter on September 24, 2010, and the case was closed on September 30, 2010 (ECF Doc Nos. 38, 40).

### Facts Specific to Mr. Bosse's Handling of Other Legal Matters

11. As is set forth in the WF Case, National City Bank foreclosed on the Ruiz's real property on November 10, 2008 (Decl. of Dolce, Exhibit 1, p. 2, ¶¶ 6-7).

12. The gravamen of the complaint found in the WF Case related to what the Ruiz's contended was a "wrongful" and/or "illegal" foreclosure of their real property on November 10, 2008 (*see generally*, Id.).

13. Relating to that lawsuit, second mortgagees to the same real property – John and Michelle Sarkisian – had filed their own lawsuit against the Ruiz's under LASC Case No. GC042508 on March 9, 2009 (Sarkisians v. Ruiz, et al.). On April 23, 2009, the Ruiz's answered the Sarkisians' complaint through Mr. Bosse, their then-attorney of record. This matter was then stayed on August 3, 2009 by virtue of this bankruptcy initiation. The Sarkisian matter would be dismissed only a few months later.[1] (*see also* RJN, Exhibit 1 [ROA for that matter]).

14. On March 24, 2009, National City Bank then commenced an unlawful detainer-action against the Ruiz's and related tenants under LASC Case No. 09U04263.

---

[1] A brief note regarding the Ruiz's assorted bankruptcies:

The first bankruptcy petition filed on their behalf occurred on May 6, 2009 under Case No. 2:09-bk-20882-AA. According to the docket for this matter, the case was voluntarily dismissed only two weeks later. Mr. Bosse was attorney-of-record in that matter.

It is unclear why that happened in the first bankruptcy, but only a few weeks later did this case get filed with Mr. Bosse again attorney-of-record. A third and final bankruptcy was filed by the Ruiz's on February 11, 2010 (Case No. 2:10-14951-VK). While Mr. Bosse does not appear as the attorney-of-record, he was in fact preparing the papers on the debtors' behalf and was charging them for that involvement.

**NONPROFIT LEGAL SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

4
DEBTOR KENYA RUIZ'S NOTICE OF AND MOTION FOR SANCTIONS
**IN RE KENYA RUIZ**

15. This case ended in a default judgment awarded on April 27, 2009; however, enforcement efforts by National City Bank were stayed by notice of bankruptcy given by Mr. Bosse on June 30, 2009 (*see* Id., Exhibit 2 [ROA for that matter]).

16. On March 24, 2009, seemingly as an identical effort, National City Bank also commenced LASC Case No. 09U04258. Mr. Bosse once again represented the Ruiz's in this matter, as well as their daughter, Alicia (*see* Id., Exhibit 3 thereto).

17. After National City Bank was given relief from the automatic stay, non-jury trial was commenced in LASC Case No. 09U04258 on October 23, 2009. The Ruiz's eventually prevailed in that matter on procedural grounds (Id., p. 1; *cf. with* Decl. of Kenya Ruiz, filed concurrently herewith. ¶ 13) (hereinafter "Ruiz Decl.").

18. It is believed, based on Mr. Bosse's billing statements (which can be found at the Declaration of Adam Dolce, at **Exhibit 2** thereto, as well as at RJN, Exhibit 9), that he charged the Ruiz's $12,900 for his representation in this matter alone, the length of which lasted from March 24, 2009 through October 23, 2009.

19. National City Bank filed yet another case against the Ruiz's on November 6, 2009 under LASC Case No. 09U15988. This occurred several weeks after the Ruiz's filed their wrongful foreclosure action against National City Bank (Exhibit 1) (see also RJN, Exhibit 5 thereto [ROA in that matter]).

20. This Ruiz's were further represented by Mr. Bosse in this unlawful detainer-action, which eventually ended in default judgment after Mr. Bosse failed to appear at trial on the Ruiz's behalf. The default judgment was entered on July 8, 2010 (Id., p. 2).

///

NONPROFIT LEGAL SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

5
DEBTOR KENYA RUIZ'S NOTICE OF AND MOTION FOR SANCTIONS
**IN RE KENYA RUIZ**

21. After Mr. Bosse was replaced in the WF CASE, and following National City Bank's receipt of a default judgment in Case No. 09U15988, the Ruiz's and National City Bank settled their respective positions relative to the real property at issue in those matters (Ruiz Decl., ¶¶ 23-25).

22. From March 30, 2009, when Mr. Bosse was paid the $3,500.00 he disclosed to this Court, through December 21, 2010, which was approximately when he abandoned the Ruiz's in the WF Case, Mr. Bosse collected $24,377.15 from either the Ruiz's or third parties as payments made for legal services purported to have been performed by him in the matters described above. These payments are scattered through Mr. Bosse's billing statements (for clarity, *see* Dolce Decl., Exhibit 6 [Appendix created from billing statements, p. 12])

23. From June 25, 2009 through September 24, 2010, or the approximate opening and closing date of this bankruptcy action, Mr. Bosse collected $20,877.15 in undisclosed payments (Id.).

**Post-Bankruptcy Efforts by Mr. Bosse against The Ruiz's**

24. Aside from what he collected, in that same period of time, and several months after that period, Mr. Bosse had separately invoiced the Ruiz's for $97,127.76 worth of attorney work performed, and costs incurred, relating to these same legal matters (*see* Decl. of Adam Dolce, Exhibit 2; RJN, Exhibit 9).

25. At no time did Mr. Bosse disclose to this Court, or any other bankruptcy court, that he was accruing such charges or the fee agreements authorizing such charges.

**NONPROFIT LEGAL SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

6
DEBTOR KENYA RUIZ'S NOTICE OF AND MOTION FOR SANCTIONS
**IN RE KENYA RUIZ**

26. By filing March 8, 2012, Mr. Bosse then sued Kenya and Ruben Ruiz in the Orange County Superior Court, under Case No. 30-2012-00551965, alleging breach of contract by The Ruiz's failure to tender the $97,127.76-sum. A true and accurate copy of Mr. Bosse's pleading is attached as **Exhibit 3** to the Declaration of Adam Dolce.

27. Mr. Bosse's lawsuit against the Ruiz's alleged he had been retained in Case No. 09U15988, only, and made no mention of the assorted bankruptcies filed on the Ruiz's behalf (Id., p. 3 [¶ BC-1]).

28. He further misrepresented his hourly rate, from $300 to $325, presumably to make the total figure owed less shocking (*see also* Id., *but cf. with* RJN, Exhibit 9 [every entry billed at $300 per]).

29. Mr. Bosse would eventually receive a default judgment against the Ruiz's on May 18, 2012. At some point thereafter, he recorded a lien against The Ruiz's real property (Ruiz Decl., ¶¶ 26-27).

30. After Mr. Bosse recorded this lien, Ms. Ruiz finally became aware that she had been sued by her former attorney (Id., ¶ 28).

31. Ms. Ruiz, through the assistance of the attorney that replaced Mr. Bosse in Case No. BC424268 (Seth Davidson), moved to set aside the default for failure by Mr. Bosse to properly serve Ms. Ruiz the initial pleading (Id., ¶¶ 28-29).

32. Ms. Ruiz was successful in that effort, with the default judgment vacated on December 16, 2015 (Id., ¶ 29).

33. The following month, and due to financial inability, Ms. Ruiz lost her attorney-of-record and began representing herself in Mr. Bosse's lawsuit against her (Id., ¶ 30).

**NONPROFIT LEGAL SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

7
DEBTOR KENYA RUIZ'S NOTICE OF AND MOTION FOR SANCTIONS
**IN RE KENYA RUIZ**

34. On March 17, 2016, however, Mr. Bosse issued discovery requests to Ms. Ruiz consisting of form interrogatories and requests for admission (Dolce Decl., Exhibit 2; RJN, Exhibit 9 [Mr. Bosse's Motion includes his requests and interrogatories]).

35. After she failed to respond, Mr. Bosse moved to have his requests for admission deemed admitted. As part of that motion, Mr. Bosse attached his billing statements (Id.).

36. The trial court ultimately deemed these admissions admitted, which requested that Ms. Ruiz admit that the same billing statements were sent to her and reflected work actually performed for her by Mr. Bosse (Id.).

37. Trial in that matter then began on October 17, 2016. Ms. Ruiz failed to appear, and Mr. Bosse then presented his case-in-chief (Ruiz Decl., ¶¶ 31-32).

38. Following these proofs, the trial court entered a final judgment in Mr. Bosse's favor and against Ms. Ruiz for $167,152.76 (Dolce Decl., Exhibit 4 thereto [Judgment]).

39. Shockingly, this increased figure does not reflect prejudgment interest, but instead involves the $97,127.76, as well as a "service charge" for $67,970.00 (Id., p. 2)

40. The only exhibit that could have justified this "service charge" would have been what Mr. Bosse marked as Exhibit 1 during trial, or his written retainer with The Ruiz's.

41. Now with an even bigger judgment amount, Mr. Bosse promptly recorded a new lien against Ms. Ruiz's property (Dolce Decl., Exhibit 5 thereto [Abstract of Judgment, 02/21/2017]).

**NONPROFIT LEGAL SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

8
DEBTOR KENYA RUIZ'S NOTICE OF AND MOTION FOR SANCTIONS
**IN RE KENYA RUIZ**

**Motion to Vacate Judgment and Cross-Complaint**

42. Years later, Ms. Ruiz, by and through new counsel, moved to vacate Mr. Bosse's judgment for lack of subject matter-jurisdiction and for fraud upon the trial court (*see* ECF Doc. No. 47-1).

43. After extensive briefing and two appearances, the trial court agreed that this Court had exclusive subject matter-jurisdiction over Mr. Bosse's fees and thereupon vacated the judgment Mr. Bosse had against Ms. Ruiz (*see also* ECF 47-2 [copy of order]).

44. Vacatur occurred on February 20, 2020 (Id.)

45. As part of this, Mr. Bosse was given the opportunity to seek a fee determination from this Court (Id.).

46. Because Mr. Bosse's state court case against her remains active, Ms. Ruiz sought leave (which she received) and filed a Cross-Complaint against Mr. Bosse. That filing occurred on July 29, 2020 and set forth causes of action for malpractice, fraud, concealment, breach of fiduciary duty, among other causes of action.

47. That Cross-Complaint is currently in the process of being rewritten and amended as a matter of right, and will be provided to this Court in its amended form once finished and filed.

///

**NONPROFIT LEGAL SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

9
DEBTOR KENYA RUIZ'S NOTICE OF AND MOTION FOR SANCTIONS
**IN RE KENYA RUIZ**

## RELIEF NOW REQUESTED

48. Ms. Ruiz joins in Mr. Bosse's Motion to Reopen her bankruptcy case, but only to the extent that Mr. Bosse should be subject to disgorgement of those fees he actually was paid by or on behalf of Ms. Ruiz, as well as for sanctions related to his deplorable conduct. Those sanctions consist of all fees and costs Ms. Ruiz incurred in righting Mr. Bosse's assorted wrongs across both state and federal court, as well as for any other relief this Court deems prudent.

## BASIS FOR RELIEF

49. As will be set forth in a Memorandum of Points and Authorities in support of both of Ms. Ruiz's motions, one of the most basic requirements for bankruptcy counsel is to disclose his compensation, and to continually disclose any additional payments made, or fee agreements entered into, between himself and the debtors, including payments made by third parties for the benefit of debtors.

50. Aside from $3,500, Mr. Bosse disclosed nothing against statutory requirements "designed to protect the debtor from the debtor's attorney." (In re Lewis (1997), 113 F. 3d 1040, 1045). It would be hard to believe this Court would approve a fee agreement with the debtor's attorney that would snowball into a $167,000+ judgment. Mr. Bosse knew this and would have known this as experienced bankruptcy counsel (he's been admitted before this Court since 1982).

51. Sanctions in the form of reimbursing Ms. Ruiz all fees and costs she has incurred as a result of Mr. Bosse's various violations are therefore appropriate. Ms. Ruiz will leave the question of her non-economic damages to her Cross-Complaint in the state action.

[signature over]

**NONPROFIT LEGAL SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

10
DEBTOR KENYA RUIZ'S NOTICE OF AND MOTION FOR SANCTIONS
**IN RE KENYA RUIZ**

Respectfully submitted by,

Date: 29 Oct. 2020

_____
Adam D. Dolce
NONPROFIT LEGAL SERVICES, INC.
414 Yale Avenue, Suite B
Claremont CA 91711
Telephone: 909-542-9030
FAX: 909-992-3554
Email(s): thenonprofitlawfirm@gmail.com;
adam@dolcelegal.com

Attorney for Kenya Ruiz

**NONPROFIT LEGAL SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

11
DEBTOR KENYA RUIZ'S NOTICE OF AND MOTION FOR SANCTIONS
**IN RE KENYA RUIZ**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

414 Yale Avenue, Suite B, Claremont CA 91711

A true and correct copy of the foregoing document entitled (*specify*): DEBTOR KENYA RUIZ'S MOTION FOR SANCTIONS AS AGAINST GREGORY L. BOSSE

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/29/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

jmenchaca@menchacacpa.com; ca87@ecfcbis.com (John Menchaca - Trustee); ustpregion.16.la.ecf@usdoj.gov (U.S. Trustee (LA)); greg@lawbosse.com (Gregory L. Bosse)

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/29/2020 | Adam D. Dolce | /s/ Adam D. Dolce |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           F 9013-3.1.PROOF.SERVICE