**NONPROFIT LEGAL SERVICES, INC.**
Adam Dolce, Esq. [SBN 310112]
414 Yale Avenue, Suite B
Claremont, CA 91711
Telephone: (909) 542-9030
Fax: (909) 992-3554
Email: thenonprofitlawfirm@gmail.com

Attorney for Debtor, KENYA RUIZ

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

IN RE:

     RUBEN RUIZ; and
     KENYA RUIZ,

          Debtors.

**Case No. 2:09-bk-26198-BR**
Chapter 7

Related Cases: 2:09-bk-20882-AA; and
2:10-bk-14951-VK

**DEBTOR KENYA RUIZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER MOTIONS FOR DISGORGEMENT AND FOR SANCTIONS AGAINST GREGORY L. BOSSE**

**Hearing Date/Time**
TBD (pending reopening)

      **TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS:**

     Debtor and Moving Party, KENYA RUIZ, by and through her counsel, does

hereby provide the following Memorandum of Points and Authorities in support of her

Motion for Disgorgement and in support of her Motion for Sanctions as against

GREGORY L. BOSSE.

///

**NONPROFIT LEGAL SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

1
MEMORANDUM OF POINTS AND AUTHORITIES RE: MTN FOR DISGORGEMENT AND SANCTIONS
**IN RE KENYA RUIZ**

## I.  INTRODUCTION

Failure by a bankruptcy attorney to make proper disclosures under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure is remedied by disgorgement and/or sanctions. These disclosures, and corresponding duties, are ongoing and unavoidable (*see*, *e.g.*, 11 USC § 329(a) *cf. with* FRBP, Rule 2016(b); *see also* <u>Sundquist v. Bank of Am, N.A.</u> (2017) 576 B.R. 858, 875). They are specifically designed "to protect the debtor from the debtor's attorney" (<u>In re Lewis</u> (1997), 113 F. 3d 1040, 1045).

Similarly, a professional employed in matters involving a bankruptcy estate are subject to four requirements: they must be hired by the trustee in charge; approved by the Court; must be free of an adverse interest to the estate; and must otherwise be "disinterested"  (*see* 11 USC § 327).

Here, the debtor's prior attorney, Gregory L. Bosse, failed in every single material respect regarding his disclosures and prior approvals. He did not disclose payments he was receiving from the debtor or those paying on her behalf *during* Ms. Ruiz's bankruptcy. He did not disclose any of his assorted fee agreements with the debtor that were purportedly executed *during* Ms. Ruiz's bankruptcy. He was not hired by the trustee for a lawsuit he filed advancing causes of action belonging to Ms. Ruiz's bankruptcy estate. He did not get court approval in bringing that lawsuit, or in defending Ms. Ruiz in lawsuits filed against herself *during* her bankruptcy.

On top of that, he further assisted Ms. Ruiz in filing a third bankruptcy without disclosing his involvement in that matter (*see* Bankruptcy Case No. Case No. 2:10-bk-14951-VK). As part of that bankruptcy, which he conducted from behind-the-scenes, he failed to include his own accruing fees and costs – purported to be payable by debtor

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

2
MEMORANDUM OF POINTS AND AUTHORITIES RE: MTN FOR DISGORGEMENT AND SANCTIONS
IN RE KENYA RUIZ

here – in the schedules to that third petition (*see* RJN, Exhibit 10 thereto [Petition]). [1]

Two years later, Mr. Bosse filed suit against Ms. Ruiz in state court for fees and costs he quite literally kept this Court in the dark on. In that state court action, he similarly failed to disclose to that court that his fees were associated with a bankruptcy. He then received a judgment for over $160,000 arising from that action, and promptly filed a lien against Ms. Ruiz's house to secure that judgment.

Ms. Ruiz has since successfully vacated that judgment for lack of subject matter-jurisdiction. She now seeks costs and fees to undo the damage inflicted upon her by Mr. Bosse's schemes, as well as to punish Mr. Bosse for his complete and utter dereliction of duty.

## II. STATEMENT OF FACTS

For cohesion, the Debtor is relying directly on the the facts and supporting references as set forth in her Motion for Sanctions and incorporated in her Motion for Disgorgement:

The Debtor, along with her husband, Ruben Ruiz, filed a voluntary bankruptcy petition in this matter on June 25, 2009. Their retained counsel at the time was Gregory L. Bosse. As part of the initial filing, Mr. Bosse disclosed the total amount of fee that he was receiving from the Debtor as $3,500.00. Mr. Bosse certified this as his complete statement relating to his compensation in the matter.

This bankruptcy was then converted to a Chapter 7 bankruptcy on August 12, 2009. As part of amended schedules filed on December 12, 2009, Mr. Bosse iterated

---

[1]    Mr. Bosse has recently moved to reopen this matter to determine his entitlement to fees without seeming to realize he's conceding his involvement in that case from behind-the-scenes (see also ECF Doc. No. 28 as filed in Case No. 2:10-bk-14951-VK).

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

3
MEMORANDUM OF POINTS AND AUTHORITIES RE: MTN FOR DISGORGEMENT AND SANCTIONS
IN RE KENYA RUIZ

that his only fee in the matter was $3,500.00.

However, in these same amended schedules, Mr. Bosse references a lawsuit commenced by Debtor Ruiz on October 22, 2009 captioned <u>Kenya Ruiz, et al v. National City Bank et al, LASC Case No</u>. BC424268 (hereinafter "WF Case'). Mr. Bosse was the attorney-of-record in the WF Case at its commencement.

The WF Case involved causes of actions that all accrued prior to the commencement of this bankruptcy matter. As a matter of law under 11 U.S.C. § 541, those causes of actions belonged to the debtors' bankruptcy estate. Mr. Bosse did not disclose to this Court his involvement in the WF Case. He did not disclose, or receive approval for, his fee agreement, or for those fees that he was charging the debtor (and her then-husband). He also did not disclose to, or receive approval from, the trustee that he was pursuing this civil matter on the Ruiz's behalf, despite the fact these were causes of action belonging to the debtors' bankruptcy estate.

Ms. Ruiz and her husband then received a discharge in this matter on September 24, 2010, and the case was closed on September 30, 2010.

### a.  Facts Specific to Mr. Bosse's Handling of Other Legal Matters

As is set forth in the lawsuit filed in the WF Case, National City Bank foreclosed on the Ruiz's real property on November 10, 2008. The gravamen of the complaint to follow related to what the Ruiz's contended was a "wrongful" and/or "illegal" foreclosure of this real property on November 10, 2008.

In direct relation to that lawsuit, second mortgagees to the same real property – John and Michelle Sarkisian – had filed their own lawsuit against the Ruiz's under LASC Case No. GC042508 on March 9, 2009 (<u>Sarkisians v. Ruiz, et al</u>.). On April 23, 2009, the Ruiz's answered the Sarkisians' complaint through Mr. Bosse, their then-attorney of

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

4
MEMORANDUM OF POINTS AND AUTHORITIES RE: MTN FOR DISGORGEMENT AND SANCTIONS
IN RE KENYA RUIZ

record. This matter was then stayed on August 3, 2009 by virtue of this bankruptcy

initiation. The Sarkisian matter would be dismissed only a few months later.

On March 24, 2009, National City Bank then commenced an unlawful detainer-

action against the Ruiz's and related tenants under LASC Case No. 09U04263. This case

ended in a default judgment awarded on April 27, 2009; however, enforcement efforts

by National City Bank were stayed by notice of bankruptcy given by Mr. Bosse on June

30, 2009.

On March 24, 2009, seemingly as an identical effort, National City Bank also

commenced LASC Case No. 09U04258. Mr. Bosse once again represented the

Ruiz's in this matter, as well as their daughter, Alicia. After National City Bank was

given relief from the automatic stay, non-jury trial was commenced in LASC Case No.

09U04258 on October 23, 2009. The Ruiz's eventually prevailed in that matter on

procedural grounds.

It is believed, based on Mr. Bosse's billing statements that he charged the Ruiz's

$12,900 for his representation in this matter alone, the length of which lasted from

March 24, 2009 through October 23, 2009.

National City Bank filed yet another case against the Ruiz's on November 6, 2009

under LASC Case No. 09U15988. This occurred several weeks after the Ruiz's filed the

WF Case. The Ruiz's were further represented by Mr. Bosse in this unlawful detainer-

action, which eventually ended in default judgment after Mr. Bosse failed to appear at

trial on the Ruiz's behalf. The default judgment was entered on July 8, 2010.

After Mr. Bosse was replaced in the matter reflected in Exhibit 1, and following

National City Bank's receipt of a default judgment in Case No. 09U15988, the Ruiz's and

National City Bank settled their respective positions relative to the real property at issue

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

5
MEMORANDUM OF POINTS AND AUTHORITIES RE: MTN FOR DISGORGEMENT AND SANCTIONS
IN RE KENYA RUIZ

in those matters.

From March 30, 2009, when Mr. Bosse was paid the $3,500.00 he disclosed to this Court, through December 21, 2010, which was approximately when he abandoned the Ruiz's in the WF Case, Mr. Bosse collected $24,377.15 from either the Ruiz's or third parties as payments made for legal services purported to have been performed by him in the matters described above. These payments are scattered throughout Mr. Bosse's billing statements. $20,877.15 remained undisclosed to this Court.

### b. Post-Bankruptcy Efforts by Mr. Bosse against The Ruiz's

Aside from what he collected in that same period and several months after, Mr. Bosse had separately invoiced the Ruiz's for $97,127.76 worth of attorney work performed, and costs incurred, relating to these same legal matters. At no time did Mr. Bosse disclose to this Court, or any other bankruptcy court, that he was accruing such charges or the fee agreements authorizing such charges.

By filing March 8, 2012, Mr. Bosse then sued Kenya and Ruben Ruiz in the Orange County Superior Court, under Case No. 30-2012-00551965, alleging breach of contract by The Ruiz's failure to tender the $97,127.76-sum. Mr. Bosse's lawsuit against the Ruiz's alleged he had been retained in Case No. 09U15988, only, and made no mention of the assorted bankruptcies filed on the Ruiz's behalf.

Mr. Bosse would eventually receive a default judgment against the Ruiz's on May 18, 2012. At some point thereafter, he recorded a lien against The Ruiz's real property. After Mr. Bosse recorded this lien, Ms. Ruiz finally became aware that she had been sued by her former attorney.

Ms. Ruiz, through the assistance of the attorney that replaced Mr. Bosse in Case No. BC424268 (after Mr. Bosse abandoned the cause), moved to set aside the default for

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

6
MEMORANDUM OF POINTS AND AUTHORITIES RE: MTN FOR DISGORGEMENT AND SANCTIONS
IN RE KENYA RUIZ

1  failure by Mr. Bosse to properly serve Ms. Ruiz the initial pleading. Ms. Ruiz was

2  successful in that effort, with the default judgment vacated on December 16, 2015.

3      The following month, and due to financial inability, Ms. Ruiz lost her attorney-of-

4  record and began representing herself in Mr. Bosse's lawsuit against her.

5      On March 17, 2016, however, Mr. Bosse issued discovery requests to Ms. Ruiz

6  consisting of form interrogatories and requests for admission. After she failed to

7  respond, Mr. Bosse moved to have his requests for admission deemed admitted. As part

8  of that motion, Mr. Bosse attached his billing statements. The trial court ultimately

9  deemed these requests admitted, which requested that Ms. Ruiz admit that the same

10 billing statements were sent to her and reflected work actually performed for her by Mr.

11 Bosse.

12     Trial in that matter then began on October 17, 2016. Ms. Ruiz failed to appear,

13 and Mr. Bosse then presented his case-in-chief. Following these proofs, the trial court

14 entered a final judgment in Mr. Bosse's favor and against Ms. Ruiz for $167,152.76.

15     Shockingly, this increased figure does not reflect prejudgment interest, but

16 instead involves the $97,127.76 as well as a "service charge" for $67,970.00. The only

17 exhibit that could have justified this "service charge" would have been what Mr. Bosse

18 marked as Exhibit 1 during trial, or his written retainer with The Ruiz's.

### c.  Motion to Vacate Judgment and Cross-Complaint

19     Years later, Ms. Ruiz, by and through new counsel, moved to vacate Mr. Bosse's

20 judgment for lack of subject matter-jurisdiction and for fraud upon the trial court. After

21 extensive briefing and two appearances, the trial court agreed that this Court had

22 exclusive subject matter-jurisdiction over Mr. Bosse's fees and thereupon vacated the

23 judgment Mr. Bosse had against Ms. Ruiz. Vacatur occurred on February 20, 2020.

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

7
MEMORANDUM OF POINTS AND AUTHORITIES RE: MTN FOR DISGORGEMENT AND SANCTIONS
IN RE KENYA RUIZ

As part of this, Mr. Bosse was given the opportunity to seek a fee determination from this Court (see also ECF 47-2 [copy of order, p. 3]). Because Mr. Bosse's state court-case against her remains active, Ms. Ruiz sought leave (which she received) and filed a Cross-Complaint against Mr. Bosse on July 29, 2020. In that cross-action, Ms. Ruiz intends on holding Mr. Bosse accountable for the damage he caused her for over nine years and counting.

### III.   ARGUMENT

The statutory bases for the relief requested by Debtor in this Motion are Title 11 of the United States Code, §§ 327 through 329, together with the Federal Rules of Bankruptcy Procedure, Rules 2016, 2017. Disgorgement and sanctions are further authorized under the Court's inherent authority (*see also* FRBP, Rule 9011; LBR 9011-3).

This is a clear-cut case of attorney misconduct. Mr. Bosse abdicated his fiduciary and legal duties to the debtor, Ms. Ruiz (and her then-husband and joint debtor, Ruben Ruiz). One could even make the argument Mr. Bosse may have engaged in criminal dishonesty considering what he swore to in comparison to what it was he was actually charging and collecting.

#### a.  Disgorgement is justified

A bankruptcy attorney is subject to disgorgement of fees and costs when they make inadequate or false disclosures to the bankruptcy court. In re Lewis is directly on point. This Court's authority regarding disgorgement is "broad and inherent" (Id., at 1045), and should be utilized when an attorney "exhibits a willful disregard of his fiduciary obligations to fully disclose the nature and circumstances of his fee arrangement under § 329 and Rule 2016." (Id., citing to In re Downs (1996), 103 F. 3d

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

8
MEMORANDUM OF POINTS AND AUTHORITIES RE: MTN FOR DISGORGEMENT AND SANCTIONS
IN RE KENYA RUIZ

472, 479). "The bankruptcy court may order the disgorgement of any payment made to an attorney representing the debtor in connection with a bankruptcy proceeding, irrespective of the payment's source." (In re Lewis, *supra at* 1046).

During this bankruptcy proceeding, Mr. Bosse disclosed he was paid $3,500 for his debt counseling/bankruptcy services (ECF No. 1, p. 31 of 50 [¶ 9]; also p. 36 of 50 [Disclosure of Compensation of Attorney for Debtor]). This fee was to cover services rendered in the bankruptcy, and those "in contemplation of or in connection with" the bankruptcy. Every single legal matter arising during and after the commencement of this case, however, was connected to the Ruiz's bankruptcy. How, then, could Mr. Bosse fail to disclose the nearly $100,000 he was billing against the Ruiz's?

Disclosure of payments and agreements between a debtor and attorney extends from one year prior to the petition (here, June 25 2008) to "after the filing of the petition indefinitely – theoretically, to the end of time." (Sundquist, *supra* at 875 [citing to 11 U.S.C § 329(a)]). The only limiting principle to these disclosure requirements "lies in the phrase 'in connection with such a case." (Id.). That connection includes "supplemental jurisdiction" under 11 U.S.C § 1367, and further extends to actions in state court (Id. to 876).

Here, every single case Mr. Bosse was involved in with respect to the Ruiz's involved their bankruptcy or in some material way was connected to their bankruptcy. The WF Case against National City Bank advanced causes of actions belonging to the bankruptcy estate. The defenses in the unlawful detainer-actions were meant to preserve the estate and the debtors' possession to property of the estate. Even without this connective tissue, did Mr. Bosse – *as bankruptcy counsel* – not recognize the massive conflict-of-interest in his compiling nearly one hundred thousand dollars in

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

9
MEMORANDUM OF POINTS AND AUTHORITIES RE: MTN FOR DISGORGEMENT AND SANCTIONS
IN RE KENYA RUIZ

fees in non-bankruptcy matters respecting the same clients?

Even worse, Mr. Bosse represented the Ruiz's in a third bankruptcy in a completely hidden and undisclosed role. That third petition was filed February 25, 2010 which, according to Mr. Bosse's billing statements, would have been when the Ruiz's owed him approximately $50,000.00 (see Dolce Decl., Exhibit 2 thereto, p. 26). Mr. Bosse did not include those unsecured fees in the third petition he was working on from behind-the-scenes, even as he charge the Ruiz's for the work he was performing in this third bankruptcy (*see*, *e.g.*, Id. [entries 02/22/2010; 02/25/2010]; *see also* Id., pgs. 27-28 [entries 03/12/2010; 03/22/2010; 03/29/2010]).

This Court would probably be hard-pressed to find a more blatant disregard for the Bankruptcy Code and Rules of Bankruptcy Procedure by an attorney. Disgorgement has been justified in inadvertent failures to disclose (per <u>In re Lewis</u>, *supra* at 1045). Here, there was a willful disregard by Mr. Bosse to fulfill his legal and fiduciary obligations with respect to the Ruiz's. To that end, "[t]he bankruptcy court should deny all compensation" and should further order "disgorgement as a sanction to debtors' counsel for nondisclosure." (<u>Id</u>.).

### b. Sanctions are more than appropriate

On top of what Mr. Bosse received as payments during this bankruptcy matter – or $24,577.15 – Ms. Ruiz is entitled to an award of sanctions consisting of what she has had to incur in attorney fees and costs in correcting the wreckage left behind by Mr. Bosse's willful concealments and nondisclosures. At present, subject to amendment for additional work to be performed and costs incurred, that amount is equal to $38,318.64.

The disclosure rules flowing from 11 U.S.C. § 329 and FRBP Rule 2016 "are applied literally, even if the results are sometimes harsh. Negligent or inadvertent

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

10
MEMORANDUM OF POINTS AND AUTHORITIES RE: MTN FOR DISGORGEMENT AND SANCTIONS
IN RE KENYA RUIZ

omissions 'do not vitiate the failure to disclose.' Similarly, a disclosure violation may result in sanctions 'regardless of actual harm to the estate.'" (<u>In re Park-Helena Corp</u>. (1995), 63 F.3rd 877, 881) (internal citations omitted).

Here, Mr. Bosse failed to disclose 1. The additional fees he was receiving from the Debtor or on behalf of the Debtor; 2. His related fee agreements he entered into with the Debtor, concealed from the trustee and court, despite the glaring conflict-of-interest; and 3. His role in the Debtor's third bankruptcy. Ms. Ruiz isn't even focusing on the inflated nature of Mr. Bosse's billings – as that issue is captured by a separately-filed Cross-Complaint – but suffice to say, most of the fee items listed in Mr. Bosse's billing statements are completely false (*see*, *e.g*., Dolce Decl. Exhibit 2, p. 27 [where Mr. Bosse charges 6.50 hours, at $300.00 per hour, for a hearing occurring on 03/15/2010] and *cf. with* RJN, Exhibit 16 thereto [where the minute order arising from 03/15/2010 shows no appearances were actually made]). There are, in fact, countless examples of these kind of inflated or false entries attributed to Mr. Bosse.

Ms. Ruiz has had to incur fees and costs to vacate a judgment that would have never arisen had Mr. Bosse disclosed his role to this Court. She seeks reimbursement for those fees and costs, and for the fees and costs incurred in bringing these Motions to the Court's attention.

## IV.    CONCLUSION

It's hard to consider what could have motivated Mr. Bosse to undertake this path. As bankruptcy counsel, Mr. Bosse had not only a fiduciary and ethical duty to his clients, but also limits and duties imposed upon him by law and written rules. He violated them all and did so willfully.

That's the difficult part – Mr. Bosse intentionally kept his dealings, fees, and

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

MEMORANDUM OF POINTS AND AUTHORITIES RE: MTN FOR DISGORGEMENT AND SANCTIONS
IN RE KENYA RUIZ

agreements with the Ruiz's hidden. It was only by sheer coincidence that the dots were connected years later (*see*, *e.g*., ECF No. 47-1, p. 9-11]). One has to wonder what other clients may have fallen victim to these derelictions without the benefit of coincidence to help correct them.

Disgorgement and sanctions should and must be imposed to the fullest extent allowed against Mr. Bosse.

Respectfully submitted by,

Date: 29 Oct. 2020

_____

Adam D. Dolce
NONPROFIT LEGAL SERVICES, INC.
414 Yale Avenue, Suite B
Claremont CA 91711
Telephone: 909-542-9030
FAX: 909-992-3554
Email(s): thenonprofitlawfirm@gmail.com;
adam@dolcelegal.com

Attorney for Kenya Ruiz

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

12
MEMORANDUM OF POINTS AND AUTHORITIES RE: MTN FOR DISGORGEMENT AND SANCTIONS
IN RE KENYA RUIZ

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

414 Yale Avenue, Suite B, Claremont CA 91711

A true and correct copy of the foregoing document entitled (*specify*):  DEBTOR KENYA RUIZ'S MEMORANDUM
IN SUPPORT OF BOTH HER MOTION FOR DISGORGEMENT AND FOR SANCTIONS
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
10/29/2020_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

  jmenchaca@menchacacpa.com; ca87@ecfcbis.com (John Menchaca - Trustee); ustpregion.16.la.ecf@usdoj.gov
  (U.S. Trustee (LA)); greg@lawbosse.com (Gregory L. Bosse)

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

10/29/2020     Adam D. Dolce
_____
*Date*           *Printed Name*                                          *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.