NONPROFIT LEGAL SERVICES, INC.
Adam Dolce, Esq. [SBN 310112]
414 Yale Avenue, Suite B
Claremont, CA 91711
Telephone: (909) 542-9030
Fax: (909) 992-3554
Email: thenonprofitlawfirm@gmail.com

Attorney for Debtor, KENYA RUIZ

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| IN RE:<br><br>RUBEN RUIZ; and<br>KENYA RUIZ,<br><br>Debtors. | Case No. 2:09-bk-26198-BR<br>Chapter 7<br><br>Related Cases: 2:09-bk-20882-AA; and 2:10-bk-14951-VK<br><br>**DECLARATION OF DEBTOR KENYA RUIZ IN SUPPORT OF MOTIONS FOR DISGORGEMENT AND FOR SANCTIONS AGAINST GREGORY L. BOSSE**<br><br>**Hearing Date/Time**<br>TBD (pending reopening) |

I, KENYA RUIZ, declare as follows:

1. I am the Debtor and Moving Party for purposes of this action and motion. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify before this Court, I could and would testify competently to the same.

///

NONPROFIT LEGAL SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

1
DECLARATION OF KENYA RUIZ ISO MTNS FOR DISGORGEMENT & SANCTIONS
IN RE KENYA RUIZ

2. This declaration is being prepared and submitted in support of my Motion to Disgorge all fees and costs that were paid to Gregory L. Bosse as part of his representation of me in this matter and in other matters, as well as my Motion for Sanctions for all fees and costs I incurred in the same.

3. I first met Mr. Bosse after my former lender, National City Bank ("NCB"), foreclosed upon my property located at 3540, 3540 ½, and 3542 E. 6th Street in Los Angeles, CA. This was a three-unit property that I owned with my then-husband, Ruben ("Property").

4. After the foreclosure occurred in November 2008, and NCB began the process of evicting us (along with our daughter), we retained Mr. Bosse. I believe the time-period for this was on or shortly before the end of March 2009. At that time, Ruben and I felt we were wrongfully foreclosed on, though our immediate goal was to prevent our eviction from the Property.

5. NCB's first effort to cause our eviction from the Property was done through Los Angeles Superior Court (LASC) Case No. 09U04258 ("First UD Case"). This First UD Case was filed on March 24, 2009.

6. During the time immediately after the First Case began, Mr. Bosse instructed us that the only way of preventing our eviction was to file bankruptcy.

7. Our first joint bankruptcy was then filed by Mr. Bosse on May 6, 2009 as a Chapter 13-proceeding. However, that first bankruptcy was voluntarily dismissed on May 21, 2009. I do not recall the reason for this.

8. The following month, Mr. Bosse assisted Ruben and I in filing a second bankruptcy case (on June 25, 2009). This began once again as a Chapter 13; however, it was converted to a Chapter 7 on or around August 12, 2009.

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

2
DECLARATION OF KENYA RUIZ ISO MTNS FOR DISGORGEMENT & SANCTIONS
IN RE KENYA RUIZ

9. We paid Mr. Bosse $3,500.00 for his total involvement in this bankruptcy (or "This BK Case").

10. As a result of This BK Case, the First UD Case and those matters related to the Property were automatically stayed (including a separately-filed lawsuit captioned <u>Sarkisian v. Ruiz, et al</u>. (Case No. GC042508)).

11. The Sarkisan's lawsuit related to a second mortgage lien that they held on the Property. On April 23, 2009, we answered the Sarkisians' complaint through Mr. Bosse, our then-attorney of record. This matter was then stayed on August 3, 2009 by virtue of This BK Case. The Sarkisian matter would be dismissed a few months later.

12. NCB then sought relief from the stay generated in This BK Case on July 22, 2019, and received an order granting them this relief on September 26, 2009. I eventually learned this was an uncontested motion, which I believe means Mr. Bosse did not file opposition on my or Ruben's behalf.

13. After NCB received its relief from the stay in This BK Case, they sought a trial date in the First UD Case. Trial was then held on October 23, 2009, where Ruben and I prevailed, and judgment was entered in our favor accordingly. I don't recall the specifics of our victory, but I believe it had something to do with insufficient notice.

14. Shortly after, Mr. Bosse prepared and filed a Wrongful Foreclosure-lawsuit against NCB based on the foreclosure that occurred on or around November 10, 2008. This case was filed on October 22, 2009 by Mr. Bosse ("WF Case").

15. NCB then filed a new eviction action against me and Ruben by filing dated November 6, 2009 ("Second UD Case"). Mr. Bosse represented us in defense.

NONPROFIT LEGAL SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

3
DECLARATION OF KENYA RUIZ ISO MTNS FOR DISGORGEMENT & SANCTIONS
IN RE KENYA RUIZ

16. Both the WF Case and the Second UD Case were filed during This BK Case.

17. The Second UD Case was eventually set for trial on February 16, 2010. However, shortly before that first trial date Mr. Bosse informed me about the possible benefits of filing yet another bankruptcy.

18. If I recall correctly, that is, the final bankruptcy – a Chapter 13 filed on February 11, 2010 – was orchestrated by Mr. Bosse due to developments in the WF Case. NCB had defaulted in the WF Case by failing to answer, and Mr. Bosse received an Order to Show Cause as to an entry of default on or around February 9, 2010. I believe the purpose of an overlapping Chapter 13-bankruptcy was so that he could complete the default papers.

19. Each of the bankruptcies filed by me and Ruben, however, were orchestrated exclusively by Mr. Bosse. I was and remain unfamiliar enough with the law and bankruptcy to do something like that on my own. I am simply not sophisticated enough in the law to understand its intricacies.

20. During this time, neither Ruben nor I were aware how many hours were being billed to us by Mr. Bosse. We knew he was performing work on various fronts, but there were times where he would have messenger services come to my place of work.

21. I would literally sign over my work paychecks to Mr. Bosse, and those endorsements are reflected in Mr. Bosse's billing statements.

22. Ruben and I eventually divorced. However, Mr. Bosse claimed he accrued over $97,127.76 in outstanding fees and costs payable by us throughout all of the matters referenced in this declaration.

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

4

DECLARATION OF KENYA RUIZ ISO MTNS FOR DISGORGEMENT & SANCTIONS
IN RE KENYA RUIZ

23. Beyond the shock of that figure, Mr. Bosse had actually abandoned Ruben and I as clients in the WF Case which forced me to retain a separate attorney.

24. On or around January 12, 2011, that is, Mr. Bosse was substituted out of the WF Case and replaced by Seth Davidson. But that was not my choice. Leading up to that, Mr. Bosse said if we didn't pay him his fees he wasn't going to do anything for us.

25. Shortly after Mr. Davidson substituted in, Ruben and I were able to settle the WF Case with National City Bank. That occurred shorty before February 10, 2011.

26. Approximately one year later (March 8, 2012), Mr. Bosse then sued Ruben and me in the Orange County Superior Court, under Case No. 30-2012-00551965, alleging breach of contract for our failure to tender the $97,127.76-sum.

27. Mr. Bosse would eventually receive a default judgment against us on May 18, 2012. At some point thereafter, he recorded a lien against the Property.

28. It was at that point I became aware that I had been sued by my former attorney. I then retained Mr. Davidson to again assist me in vacating this default judgment for failure to serve the initial pleading and summons on me.

29. I was was successful in that effort, with the default judgment vacated on December 16, 2015.

30. The following month, and due to my financial inability, I had to substitute Mr. Davidson and and begen representing myself in the lawsuit Mr. Bosse filed against me.

31. Based on my unfamiliarity with the legal system, and my being mentally and emotionally overwhelmed by Mr. Bosse's efforts, I missed the trial date.

NONPROFIT LEGAL
SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

5
DECLARATION OF KENYA RUIZ ISO MTNS FOR DISGORGEMENT & SANCTIONS
IN RE KENYA RUIZ

32. Following that trial, I would learn Mr. Bosse received a judgment against me exceeding $160,000. I would also learn he re-filed a lien against my Property.

33. I have suffered a tremendous amount of emotional distress and anxiety as a result of Mr. Bosse's billing tactics and efforts to get money out of me.

I HEREBY DECLARE UNDER PENALTY OF PERJURY, under the laws of the United States, that the foregoing is true and correct to the best of my recollection and belief. Executed on **October 28, 2020** in Claremont, CA.

*Kenya Ruiz*
KENYA RUIZ, Debtor and Moving Party

NONPROFIT LEGAL SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

6
DECLARATION OF KENYA RUIZ ISO MTNS FOR DISGORGEMENT & SANCTIONS
IN RE KENYA RUIZ

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

414 Yale Avenue, Suite B, Claremont CA 91711

A true and correct copy of the foregoing document entitled (specify): <u>DECLARATION OF KENYA RUIZ ISO HER MOTION FOR DISGORGEMENT AND FOR SANCTIONS</u>

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 10/29/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- jmenchaca@menchacacpa.com; ca87@ecfcbis.com (John Menchaca - Trustee); ustpregion.16.la.ecf@usdoj.gov (U.S. Trustee (LA)); greg@lawbosse.com (Gregory L. Bosse)

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

10/29/2020

| 10/__/2020 | Adam D. Dolce | _signature_ |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                            F 9013-3.1.PROOF.SERVICE