**LAW OFFICES OF GREGORY L. BOSSE**
Gregory L. Bosse, State Bar No. 103641
701 S. Parker Street, Suite 6000
Orange, California 92868-4741
Tel: (714) 550-9555
Fax: (714) 316-1344
Gbosse@lawbosse.com

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES
OCT 22 2009
John A. Clarke, Executive Officer/Clerk
By_____, Deputy
RUGENA LOPEZ

Attorney for Plaintiffs KENYA RUIZ and RUBEN RUIZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| KENYA RUIZ, an individual; RUBEN RUIZ, an individual, <br><br>Plaintiffs, <br><br>v. <br><br>NATIONAL CITY BANK, its successors and/or assigns; and DOES 1 through 50, inclusive, <br><br>Defendants. | CASE NO. **BC424268** <br><br>**COMPLAINT** <br><br>1. TO QUIET TITLE; <br>2. FOR AN ACCOUNTING; <br>3. PRELIMINARY INJUNCTION; <br>4. FRAUD; <br>5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; <br>6. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; <br>7. REQUEST FOR DECLARATORY RELIEF; <br>8. REQUEST FOR INJUNCTIVE RELIEF; <br>9. TO SET ASIDE TRUSTEE'S SALE; <br>10. TO VOID OR CANCEL TRUSTEE'S DEED UPON SALE; <br>11. VIOLATION OF CIVIL CODE SECTION 2923.5; <br>12. FOR RESTITUTION; AND <br>13. TO QUIET TITLE <br><br>(Filed concurrently with Notice of Pending Action) |

-1-

**COMPLAINT TO QUIET TITLE ...**

PLAINTIFFS ALLEGE FOR CAUSES OF ACTION AGAINST DEFENDANTS AS FOLLOWS:

### PRELIMINARY ALLEGATIONS

1. The real property which is the subject of this action is located at 3542, 3540, and 3540½ East 6th Street, Los Angeles, California 90023 which consists of a triplex (three units any combination) (the "Subject Property"), within the jurisdiction of this court.

2. Plaintiff, RUBEN RUIZ, is, and at all times herein mentioned in this complaint, an individual residing in the County of Los Angeles, State of California.

3. Plaintiff, KENYA RUIZ, is, and at all times herein mentioned in this complaint, an individual residing in the County of Los Angeles, State of California.

4. Plaintiff is informed and believes that defendant, NATIONAL CITY BANK ("NCB") is duly organized to do business in the State of California and is engaged in the brokering, originating, servicing and maintaining of residential mortgage loans to homeowners.

5. Plaintiffs does not know the true names, capacities, or basis of liability of defendants sued herein as DOES 1 through 50, inclusive, and sues each of the fictitiously-named defendants by such fictitious names. Each of the aforesaid fictitiously named defendants is in some manner liable to plaintiffs, or claims some right, title, or interest in the Subject Property adverse to the plaintiffs, or both.

6. On or about April 16, 2008, defendant, NCB, filed and recorded a Notice of Default with the Los Angeles County Recorder's Office regarding the Subject Property.

7. NCB foreclosed on the Subject Property on November 10, 2008, and recorded the Trustee's Deed Upon Sale on November 18, 2008, with the Los Angeles County Recorder's Office. At the time of the foreclosure, the plaintiffs had in place a payment plan with NCB to

prevent the foreclosure from occurring. NCB claims that one (1) of the payments was not received in a timely fashion and foreclosed on the Subject Property without further notice.

8. Venue is appropriate within this Judicial District by virtue of the fact that the Subject Property is situated here, the deed of trust affecting the property was executed here, and that the wrongful foreclosure proceeding complained of herein, occurred here.

9. Plaintiffs, are now, and at all times relevant to this Complaint, were the owners in fee simple of the real property commonly known as 3542, 3540, and 3540 ½ East 6th Street, Los Angeles, California 90023 ("Subject Property"). The legal description of the Subject Property is – APN: 5188-003-038 - LOT: 9 BLOCK: 6 ABBREVIATED DESCRIPTION: LOT: 9 BLK: 6 CITY: REGION/CLUSTER: 11/11404 THE SCHMITT TRACT LOT 9 BLK 6 1 UNIT, 1152SF, YB: 1909, 2BD/1/BA; IMP2=3 PLX, 2 UNITS, 1564SF, YB: 1971, 4BD/2BA, CITY/MUNI/TWP: REGION CLUSTER: 11/11404. Plaintiffs, for all times relevant herein, were entitled to possession of said premises, and were in possession at the time of occurrences alleged hereinafter. Plaintiffs, under and by virtue of a deed, were the owner in fee simple of the Subject Property.

10. Defendant, NCB, claims to be the owner pursuant to a Trustee's Sale fraudulently held on November 10, 2008, which Plaintiffs allege that the sale is invalid, and that technically there is no trustee sale guarantee attached to the alleged conveyance. The aforesaid instrument is causing a cloud to exist on Plaintiffs' title.

11. Prior hereto and for a valuable consideration, Plaintiffs, as borrower, made, executed, and delivered to Defendant, NCB, as the beneficiary, a certain written promissory note. To secure payment of the principal sum and interest as provided in the note and as part of the same transaction, Plaintiffs, as trustor, executed and delivered to Defendant, NCB, a Deed of

-3-

**COMPLAINT TO QUIET TITLE ...**

Trust, by the terms of which Plaintiffs, as trustor, conveyed to the trustee, the real property. The aforesaid Deed of Trust was recorded against the Subject Property in the office of the County Recorder's Office of the County of Los Angeles.

12.  Plaintiffs subsequently went into default of the regular monthly installments due under the aforesaid Note and Deed of Trust, and Defendant Trustee caused to be recorded a Notice of Default. Thereafter, the Trustee caused to be served and recorded a Notice of Trustee's Sale, purportedly to sell the Subject Property to satisfy the obligation secured by the Deed of Trust. Plaintiffs are informed and believed that the foreclosing beneficiary and/or its trustee, failed to properly publish and post, the sale date of the property, and Defendants failed to notify all those entitled to notice or the same. It was invalid, by virtue of the fact that the sale ultimately resulted in the issuance and recording of an **INVALID** Notice of Trustee's Sale and subsequently, a Trustee's Deed of Sale, which is also attached hereto.

13.  Notwithstanding Plaintiffs' compliance and diligence, Defendants failed to reply to notify them, and instead wrongfully conducted a foreclosure sale of the Subject Property without notice to Plaintiffs. The sale proceeding failed to comply with the provisions of Section 2924g of the Civil **Code** and other code sections mandating due and proper notice of the trustee sale proceeding. The sale was improperly held and the subject Trustee's Deed wrongfully executed, delivered, and recorded in view of the obvious resale procedures and/or improper sale procedures complained of herein. As a result of the wrongful Trustee's Sale, Plaintiffs were unlawfully deprived of rights to real property in derogation of the Trust Deed, and was deprived of due process of laws.

14.  Plaintiffs allege that the aforesaid wrongful conduct in conducting the sale proceeding, were all in violation of the various terms and conditions of the note secured by Deed

of Trust, and was in violation of the duties and obligations of Defendant beneficiary and Defendant trustee to Plaintiffs, all to Plaintiffs' loss and damage in the Plaintiffs have been wrongfully deprived of the beneficial use and enjoyment of the real property and has been deprived of apparent title by forfeiture.

15. Plaintiffs have offered to tender to Defendant beneficiary or Defendant trustee all amounts due and owing so that the claimed default may be cured and Plaintiffs may be reinstated to all of former rights and privileges under the promissory note and deed of trust. Plaintiffs are presently ready, and stand willing and able to tender those such sums that the Court finds due and owing as a condition to being restored to title on rendering the accounting requested in this Complaint.

### FIRST CAUSE OF ACTION
(To Quiet Title)

16. Plaintiffs reallege and incorporates by reference the allegations in paragraphs 1 through 15 as though more fully set forth herein.

17. Plaintiffs seek to quiet title against the fraudulent Trustee's Sale which is claimed to be the basis of legal title claimed by Defendant NCB. Based on the foregoing grounds and reasons, the claims under the Trustee's Deed are without any right, title, estate, lien or interest in the subject real property.

18. Plaintiffs desire and is entitled to a judicial declaration quieting title in Plaintiffs as of the date of the alleged Trustee's Sale and in the date of the recordation of the Trustee's Deed Upon Sale.

////

////

COMPLAINT TO QUIET TITLE ...

## SECOND CAUSE OF ACTION
(Accounting)

19. Plaintiffs reallege and incorporates by reference the allegations in paragraphs 1 through 18 as though more fully set forth herein.

20. The amount of money still owed to Defendants, and each of and/or the beneficiary is unknown to plaintiff and cannot be determined without an accounting. Plaintiffs have recently send correspondence to the beneficiary; however has failed to respond. The property's value has substantially decreased in value as compared to the stated indebtedness. However, Defendants have failed and refused to accept any such tender of performance.

## THIRD CAUSE OF ACTION
(Preliminary Injunction)

21. Plaintiffs reallege and incorporates by reference the allegations in paragraphs 1 through 20 as though more fully set forth herein.

22. On or about November 10, 2008, Defendants and each of them allegedly foreclosed upon plaintiff's real property despite the ongoing negotiations taken place between Plaintiffs and Defendants.

23. Defendants are now threatening to evict Plaintiffs from their family home based upon the wrongful foreclosure. Defendants' threatened wrongful conduct, unless and until enjoined and restrained by order of this court will cause great and irreparable injury to Plaintiffs as they will be forced to move out of their family home.

24. Plaintiffs have no adequate remedy at law for the injuries that are threatened as they do not have the ability to move to another residence nor should they be required to based upon the conduct of defendants.

-6-

COMPLAINT TO QUIET TITLE ...

25. Plaintiffs will be damaged in an amount currently unknown. The full amount is not known to Plaintiffs and Plaintiffs will amend this complaint to state that amount when it becomes known to them.

**FOURTH CAUSE OF ACTION**
(Fraud)

26. Plaintiffs reallege and incorporates by reference the allegations in paragraphs 1 through 25 as though more fully set forth herein.

27. At the time the representations were made, Plaintiffs believed them to be true and relied upon them in continuing to provide documents and cooperate with defendants and each of them. Plaintiffs' reliance upon the representations of Defendants was reasonable in light of the conduct of the Defendants and their continued representations that they were cooperating with plaintiffs and assisting in the obtaining of a loan modification which would provide an affordable house payment to Plaintiffs.

28. The conduct of Defendants was fraudulent and malicious and justify the awarding of punitive damages to Plaintiffs to punish Defendants and each of them.

29. As a proximate result of the fraud of Defendants and each of them, Plaintiffs have been damaged in an amount to be determined at the time of trial.

**FIFTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress)

**30.** Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 29 as though more fully set forth herein.

31. Defendants' conduct was intentional and malicious and done for the purpose of

-7-

**COMPLAINT TO QUIET TITLE ...**

causing plaintiffs to suffer humiliation, mental anguish and emotional and physical distress.

32. As a proximate result of the acts alleged above and herein, plaintiffs suffered humiliation, mental anguish and emotional and physical distress and have been injured in their mind and body all to plaintiff's damage in an amount to be proven at the time of trial.

### SIXTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

33. Plaintiffs reallege and incorporates by reference the allegations in paragraphs 1 through 32 as though more fully set forth herein.

34. Defendants' conduct was negligent and malicious and done for the purpose of causing plaintiffs to suffer humiliation, mental anguish and emotional and physical distress.

35. As a proximate result of the acts alleged above and herein, plaintiffs suffered humiliation, mental anguish and emotional and physical distress and have been injured in their mind and body all to Plaintiffs' damage in an amount to be proven at the time of trial.

### SEVENTH CAUSE OF ACTION
### (Request for Declaratory Relief)

36. Plaintiffs reallege and incorporate by reference paragraphs 1 through 35 as though more fully set forth herein.

37. The allegations made by Plaintiffs above establish that a real and present controversy exists as to the respective rights of the parties to this matter in and to the Property.

38. Plaintiffs have alleged that NCB, or any of the other Defendants or Doe Defendants are lawfully either the Trustee or beneficiary of the deed of trust referenced above as such deed was executed only after NCB, through its agent, fraudulently induced KENYA and

-8-

COMPLAINT TO QUIET TITLE ...

RUBEN RUIZ into executing the transfer title, and KENYA and RUBEN RUIZ into executing the deed.

39. Since none of the Defendants is the true and rightful holder of any legal or beneficial interest in and to the Property, no such Defendant has authority, pursuant to California Civil Code Section 2924(a)(1)(C) to state a default exists under the Note or Deed of Trust which purportedly secures such Note.

40. Accordingly, KENYA and RUBEN RUIZ request the court to make a finding and issue appropriate orders stating that none of the Defendants, at the time of the recordation of the Notice of Default and subsequent recordation of the Notice of Trustee's Sale, had or has any right or interest in the Note, Deed or the Property which authorized them, in fact or as a matter of law, to record such instruments.

### EIGHTH CAUSE OF ACTION – REQUEST FOR INJUNCTIVE RELIEF
**(Against All Defendants)**

41. Plaintiffs hereby incorporate by reference paragraphs 1 through 40 as though more fully set forth herein.

42. Defendants, and each of them, are responsible for claims of or claim to have an interest in the Property. NCB has without privilege recorded a Notice of Default and a Notice of Trustee's Sale against the Property.

43. None of the Defendants, jointly or severally, nor anyone acting on their behalf, has a right to foreclose on the Property, because the transaction under which such parties claim any right or interest in the Property was entered into by KENYA and RUBEN RUIZ based wholly in reliance on the misrepresentations of the Defendants, and each of them, and the documents

-9-

**COMPLAINT TO QUIET TITLE ...**

evidencing the loan are therefore voidable and ought to be voided. Further, since NCB is, in fact, an affiliate or wholly owned subsidiary of NCB, it knew or should have known at all times that no default in fact existed as the loan documents discussed, supra, were void at their inception and therefore NCB could not have received any instruction from the actual beneficiary of any Deed of Trust purportedly securing the loan as required by California Civil Code Section 2924(a)(1)(C) since no such party existed.

44. KENYA and RUBEN RUIZ are threatened with immediate irreparable harm if NCB is permitted to conduct its unlawful nonjudicial foreclosure. KENYA and RUBEN RUIZ would thereby lose their home, a loss they should not be permitted to suffer.

45. Even if any of the named Defendants can, at some point, prove they are not liable for fraud, that the loan documents are not void as contrary to Civil Code Section 1598 and that every other act complained of herein is without merit they would not be prejudiced as they would lose nothing more than the time involved in litigating the matters set forth herein. Accordingly, KENYA and RUBEN RUIZ are entitled to a temporary restraining order and preliminary injunction and permanent injunction against NCB and all Defendants in this case, including but not limited to Does 1-50, prohibiting them from conducting a nonjudicial foreclosure against the Property.

### NINTH CAUSE OF ACTION
(To Set Aside Trustee's Sale)

46. Plaintiffs hereby incorporate by referenced paragraphs 1 through 45 as though more fully set forth herein.

47. The sale conducted by NCB was improperly held, and the trustee's deed was

Case 2:09-bk-26198-BR    Doc 55-1    Filed 10/29/20    Entered 10/29/20 08:00:49    Desc
Exhibit Exhibit 1 - Complaint filed 10/22/2009    Page 11 of 20

wrongfully executed, delivered and recorded in that the Note which was purportedly secured by the deed which, in turn, served as the basis for NCB's claim to have the right to conduct a nonjudicial foreclosure was at all times void and that the parties who caused to be recorded the Notice of Default, Notice of Trustee's Sale and conducted such sale had no right or authority to perform any of these acts.

48. The estate or interest claimed in the property by Defendants, and each of them, under the trustee's deed is a cloud on the Plaintiffs' right to the property in that it restricts Plaintiffs' right to the use and enjoyment of the Property, hinders Plaintiffs' right to unrestricted alienation of the Property. If the Trustee's Sale is not delivered and canceled, serious irreparable injury will result to Plaintiffs.

49. Accordingly, KENYA and RUBEN RUIZ hereby asks this Court for an order holding the Trustee's Sale was irregular in that it was legally void and conducted without any right or privilege by NCB or any of the defendants in this matter.

**TENTH CAUSE OF ACTION – TO VOID OR CANCEL TRUSTEE'S DEED UPON SALE**
**(Against NCB and any Defendants Claiming to have any Right, Title or Interest in and to the Property or to have Conducted a Trustee's Sale)**

50. Plaintiffs hereby incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

51. The claims of Defendants, and each of them, to the Property are without any right or merit. Although the trustee's deed appears valid on its face, it is invalid and of no force and effect to the reasons set forth above including, *inter alia*, the fact the Note which was purportedly secured by the deed which, in turn, served as the basis for any claim made by any defendant to

-11-

COMPLAINT TO QUIET TITLE ...

have the right to conduct a nonjudicial foreclosure was at all times void and that the parties who caused to be recorded the Notice of Default, Notice of Trustee's Sale and conducted such sale had no right or authority to perform any of these acts.

52. KENYA and RUBEN RUIZ are therefore entitled to an order that the Trustee's Deed Upon Sale executed by NCB was void *ab initio* and canceling such Deed.

### ELEVENTH CAUSE OF ACTION – VIOLATION OF CIVIL CODE SECTION 2923.5
(Against NCB)

53. Plaintiffs hereby incorporate by reference paragraphs 1 through 52 as though fully set forth herein.

54. California Civil Code Section 2923.5 became effective July 1, 2008. The statute required on its effective date that prior to conducting a trustee's sale on any property against which a Notice of Default had already been filed, any party claiming to be a beneficiary under a deed of trust which was the basis for the filing of a Notice of Default first negotiate with the Trustor for the purpose of trying to keep the Trustor in possession of any related real property.

55. None of the Defendants made any attempt to comply with California Civil Code Section 2923.5 and accordingly should be ordered to negotiate with KENYA and RUBEN RUIZ and enjoined from conducting any sale of the Property until such time as they have, in good faith, actually attempted to negotiate with KENYA and RUBEN RUIZ.

### TWELFTH CAUSE OF ACTION – RESTITUTION
(Against all Defendants)

56. Plaintiffs hereby incorporate by reference paragraphs 1 through 55 as though fully

-12-

**COMPLAINT TO QUIET TITLE ...**

set forth herein.

57. In that each of the instruments referenced above which purports to create an obligation owed by KENYA and RUBEN RUIZ was obtained by fraud and undue diligence and that some of the instruments were NOT what they were represented as to KENYA and RUBEN RUIZ such documents were therefore void or voidable and all amounts paid to or received by the Defendants named herein constitute unjust enrichment and as such, such Defendants should be ordered to make restitution to KENYA and RUBEN RUIZ and disgorge all such ill-gotten gains.

58. The Defendants named herein have received, *inter alia*, numerous payments and fees paid directly or indirectly by KENYA and RUBEN RUIZ, had no legal right to such payments or fees and permitting them to retain such amounts is contrary to both law and equity. Accordingly, an order should be issued by the court ordering such Defendant to make restitution to KENYA and RUBEN RUIZ else each such Defendant would be unjustly enriched.

### THIRTEENTH CAUSE OF ACITON – TO QUIET TITLE
**(Against AQN and any Defendants Claiming to have any Right, Title or Interest in and to the Property or to have Conducted a Trustee's Sale)**

59. Plaintiffs hereby incorporate by reference paragraphs 1 through 58 as though fully set forth herein.

60. KENYA and RUBEN RUIZ are the owner, in fee, of the Property and as such fee owner is the only party with right to possession of the property.

61. Defendant NCB claims an interest in the property based upon a Trustee's Deed Upon Sale that was issued to it following an unlawful trustee's sale.

62. As set forth above, NCB and one or more of the named Defendants and/or DOE

Defendants unlawfully initiated a nonjudicial foreclosure against KENYA and RUBEN RUIZ and the property in violation of, *inter alia*, California Civil Code Section 2924(a)(1)(C).

63. Accordingly, KENYA and RUBEN RUIZ is entitled to an order quieting title to the Property in KENYA and RUBEN RUIZ and declaring Defendant NCB in fact and as a matter of law has nor right, title or interest in the Property.

**WHEREFORE**, Plaintiffs demands judgment against the Defendants, as follows:

1. The Court issue (a) declaration that the sale of the trust property is null and void and of no force or effect; and (b) an order setting side the trustee sake of the Subject Property;

2. That the Court (a) issue and order that defendant NCB deliver the trustee's deed to the Court, and (b) cancel the trustee's deed;

3. That the Court order judgment quieting title to Plaintiffs as owners of the subject real property, declaring that defendant NCB have no right, title, estate, lien, or interest in the subject property adverse to Plaintiffs;

4. That the Court render judgment between Plaintiffs and Defendants, and an accounting determining the amount that is equitably owed defendant by Plaintiffs, under the totality of the circumstances based on the actual market value;

5. That the Court award general damages in a sum according to proof at the time of trial;

6. For costs of suit herein incurred; and

7. For such other relief, legal and equitable, that is just and proper.

DATED: October 21, 2009

**LAW OFFICES OF GREGORY L. BOSSE**

_____
**GREGORY L. BOSSE, ESQ.**
Attorney for Plaintiffs KENYA and RUBEN RUIZ

-14-

**COMPLAINT TO QUIET TITLE ...**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Gregory L. Bosse, Esq.    (#103641)<br>Law Offices of Gregory L. Bosse<br>701 South Parker Street, Suite 6000, Orange, CA 92868-4741 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 714-550-9555    FAX NO.: 714-316-1344<br>ATTORNEY FOR *(Name):* Plaintiffs KENYA RUIZ and RUBEN RUIZ | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>OCT 2 2 2009<br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>RUGENA LOPEZ |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS: 111 North Hill Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Stanley Mosk Courthouse | |
| CASE NAME: KENYA RUIZ and RUBEN RUIZ vs. NATIONAL CITY BANK, et al. | |

| **CIVIL CASE COVER SHEET**<br>[✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**BC424268**<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | [✓] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 13
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 21, 2009

GREGORY L. BOSSE
*(TYPE OR PRINT NAME)*    ▶ _____
*(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>www.accesslaw.com |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: RUIZ, et al. vs. NATIONAL CITY BANK, et al. | CASE NUMBER BC424268 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 5    ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION** | LASC, rule 2.0<br>Page 1 of 4 |
|---|---|---|

| SHORT TITLE: RUIZ, et al. vs. NATIONAL CITY BANK, et al. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☒ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: RUIZ, et al. vs. NATIONAL CITY BANK, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04
**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
LASC, rule 2.0
Page 3 of 4

| SHORT TITLE:<br>RUIZ, et al. vs. NATIONAL CITY BANK, et al. | CASE NUMBER |
|---|---|

Item III. *Statement of Location*: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br>☐1. ☐2. ☐3. ☐4. ☐5. ☒6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>3542, 3540, and 3540 1/2 East 6th Street |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90023 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: October 21, 2009



(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4