LAW OFFICES OF GREGORY L. BOSSE
Gregory L. Bosse (SBN: 103641)
940 W. 17th Street, Suite F
Santa Ana, CA 92706
Telephone: (714) 550-9555
Facsimile: (714) 316-1344
greg@lawbosse.com

Creditor, GREGORY L. BOSSE

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>RUBEN RUIZ<br><br>KENYA RUIZ<br><br>Debtors, | Case No.: 2:09-bk-26198-BR<br><br>MOTION IN A CHAPTER 7 CASE TO REOPEN CASE; DECLARATION OF GREGORY L. BOSSE<br><br>[LBR 5010-1] |

1. **Bankruptcy Case Information:**

    a. A petition under chapter 7 was filed on June 25, 2009.

2. **Motion**

    a. The Creditor, Gregory L. Bosse, requests that the court enter an order reopening the case pursuant to 11 U.S.C. § 350(b) and FRBP 5010;

-1-

MOTION TO REOPEN CASE; DECLARATION OF GREGORY L. BOSSE

      b.    To allow creditor, Gregory L. Bosse, to file a motion to set aside this court's orders ("Orders"), entered 1/11/2021, for disgorgement of attorneys fees and for sanctions.

      A chapter 7 bankruptcy case can be reopened after discharge and case closure under certain circumstances. This case was reopened upon motion by creditor, Gregory L. Bosse ("Bosse"), in order to allow debtor, Kenya Ruiz ("Ruiz"), to present her request for scrutiny and analysis of Bosse's attorneys fees invoiced to her during 2009 and 2010. The matter originated in state court in Bosse's action against Ruiz for breach of contract. The state court, after granting judgment but upon a motion to vacate that judgment, ruled it lacked jurisdiction when it awarded Bosse attorneys fees.

      In 2020, Bosse motioned this court to reopen the Chapter 7 case to hear Ruiz's motions for disgorgement and for sanctions. Those motions were granted due to Bosse's failure to draft and file opposition briefs. Subsequently, Bosse drafted a motion to vacate the Orders but upon attempting to file them was informed the case had been closed. Bosse was unaware that the court would close the instant case when it did; He now requests the court reopen the case in order to consider his motion to vacate the Orders. No prejudice will result to Ruiz; her motions for disgorgement and for sanctions are unchanged; no circumstances or events due to the delay in hearing the disgorgement and sanction motions have appeared and will require Ruiz to redraft or modify her motions. There is no effect upon her motions for disgorgement and sanctions. Bosse cannot change the nature of the claims Ruiz has brought or change any facts he will bring.

      Bosse requests only to present his motion to vacate the Orders; this is the purpose of the instant motion and does not reach beyond the equitable principle that certain conduct, although resulting in untimely response, does not deprive a party of an equitable defense when no prejudice to any other party can be claimed. The decision to reopen is with the discretion of the court, and merely granting a motion to reopen does not afford substantive relief but simply provides the opportunity to request further relief. (See *In re Chalasani*, 92 F.3d 1300, 1308) (2d Cir. 1996); Accord, *In re*

**MOTION TO REOPEN CASE; DECLARATION OF GREGORY L. BOSSE**

*Thompson*, 16 F.3d 576, 581-82 (4th Cir.), cert. denied, 512 U.S. 1221, 114 S.Ct. 2709, 129 L.Ed. 2d 836 (1994); *In re Rosinski*, 759 F.2d 529 (6th Cir. 1985); *In re Mattera*, 203 B.R. 565, 568 (Bankr. D. N.J. 1997); *In re Bianucci*, 4 F.3d 526, 528 (7th Cir. 1993); *In Re Shondel*, 950 F.2d 1301, 1304, (7th cir. 1991)

In using its discretion to grant such a motion, "the bankruptcy court should exercise its equitable powers with respect to substance and not technical considerations that will prevent substantial justice." *Stark v. St. Mary's Hospital* (*In re Stark*), 717 F.2d 322, 323 (7th Cir. 1983) (per curiam). *Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326 94th ci. 1984). (involved the reopening of a case to permit a lien avoidance proceeding; the determination to reopen a case is left to the sound discretion of the court and depends on the circumstances of the case.). Here, absolutely no prejudice will fall upon Ruiz, but Bosse will be deprived of the substantial justice of a right for his defense to be presented.

The circumstances are mild and not shocking. Bosse, when he attempted to file his motion to vacate the Orders found that the instant case had been closed only days before. There was no and is no standard whereby Bosse should have consulted and known the case was going to be closed. Bosse's motion to vacate the Orders involves a lot of history that is ten years old and finer points of law and interpretation; therefore, Bosse carefully drafted his motion to set aside the Orders and believes only the one year statute under the Rules sets a deadline for bringing a motion to set aside an Order or Judgment.

DATED: April 28, 2021                    LAW OFFICES OF GREGORY L. BOSSE

_____
GREGORY L. BOSSE, ESQ.
Creditor, in pro per

MOTION TO REOPEN CASE; DECLARATION OF GREGORY L. BOSSE

## DECLARATION OF GREGORY L. BOSSE

I, GREGORY L. BOSSE, am the creditor in the above-referenced case. I have personal knowledge of the matters stated below and could and would testify as set forth below if called upon to do so.

1. I make this declaration in support of my request to reopen the instant case to allow my motion to set aside this court's orders ("Orders") granting disgorgement of all attorneys fees paid by Ruiz to me in 2009 and 2010 and granting sanctions. The Order were entered on January 11, 2021.

2. On July 13, 2020, I filed a motion to reopen this case in order to allow debtor, Kenya Ruiz, to present her arguments and evidence that I had overcharged her during the years of 2009 and 2010 while representing her on foreclosure and unlawful detainer claims. This case was reopened, and Kenya Ruiz, through her counsel, obtained a hearing date of January 19, 2021 for two motions: Disgorgement of all attorney's fees and Sanctions.

3. I did not file opposition briefs, which failure resulted in the motions being granted.

4. On April 5, 2021, I had finished my motion to vacate the Orders for disgorgement and for sanctions. I instructed my legal secretary to file it and serve it. She attempted to do that, but soon informed me that the court had closed the case just a few days before.

6. I do not believe there is any rule or caselaw that precludes the court from reopening the case. Debtor, Kenya Ruiz, will not be prejudiced. This issue has been well examined since 2009 and 2010 when the attorneys fees were invoiced to Ms. Ruiz. Her

motions for disgorgement are complete and comprehensive and there is nothing that has occurred since the court closed this case that will prejudice Ms. Ruiz. The amount of time that has elapsed will not prejudice Ms. Ruiz. All papers have been served and I request the court reopen the case to allow the court to rule on the nature of my failure to file opposition briefs to the Orders.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on this 28th day of April 2021, at Santa Ana, California.

_____
**GREGORY L. BOSSE**, Declarant

**MOTION TO REOPEN CASE; DECLARATION OF GREGORY L. BOSSE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
940 W. 17th Street, Suite F
Santa Ana, CA 92706

A true and correct copy of the foregoing document entitled (*specify*): **MOTION IN A CHAPTER 7 CASE TO REOPEN CASE; DECLARATION OF GREGORY L. BOSSE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 28, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
John J. Menchaca (TR) - jmenchacacpa.com, ca87@ecfcbis.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **April 28, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Adam Dolce, Esq. (Attorney for Debtor, Kenya Ruiz)
Non Profit Legal Services, Inc.
414 Yale Avenue, Suite B
Claremont, CA 91711

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 28, 2021 | Lynn Castro | *(signed)* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                            F 9013-3.1.PROOF.SERVICE