**NONPROFIT LEGAL SERVICES, INC.**
Adam Dolce, Esq. [SBN 310112]
414 Yale Avenue, Suite B
Claremont, CA 91711
Telephone: (909) 542-9030
Fax: (909) 992-3554
Email: thenonprofitlawfirm@gmail.com

Attorney for Debtor, KENYA RUIZ

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| IN RE:<br><br>RUBEN RUIZ; and<br>KENYA RUIZ,<br><br>Debtors. | **Case No. 2:09-bk-26198-BR**<br>Chapter 7<br><br>**OPPOSITION BY DEBTOR, KENYA RUIZ, AS TO INTERESTED PARTY GREGORY L. BOSSE'S MOTION TO REOPEN BANKRUPTCY CASE**<br><br>Motion Date: April 28, 2021 (ECF 81)<br>Hearing Date: June 1, 2021 (ECF 83) |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS:**

PLEASE TAKE NOTICE that Debtor, KENYA RUIZ, does hereby oppose the Motion to Reopen of interested party, GREGORY L. BOSSE, as filed April 28, 2021 and calendared for hearing June 1, 2021. Pursuant to Local Bankruptcy Rule 9013-1(f)(2), Mr. Bosse's reply to this opposition, if any, must be filed and served no later than seven (7) days prior to June 1, 2021.

### I.    INTRODUCTION

Mr. Bosse's motion should be denied because it lacks sufficient or recognizable

**NONPROFIT LEGAL SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

1
NOTICE OF JOINDER WITH CREDITOR'S MOTION TO REOPEN BANKRUPTCY CASE (CH. 7)
**IN RE KENYA RUIZ**

cause under 11 U.S.C. § 350(b). It is also a futile motion for purposes of Federal Rules of Civil Procedure, Rule 60, and its incorporation by Federal Rules of Bankruptcy Procedure, Rule 9024.

## II.    RELEVANT FACTUAL AND PROCEDURAL HISTORY

This case has now been closed twice before by the Court (per 11 U.S.C. § 350(a)). Following a standard discharge in favor of the debtors dated September 24, 2010 (ECF 38), which included Ms. Ruiz and her then-husband, Ruben, the Court's first closure occurred on September 30, 2010 (ECF 40).

Approximately ten years later, after Ms. Ruiz challenged a state court-judgment entered in favor of Mr. Bosse that implicated his representation of her here, the state court issued an order authorizing Mr. Bosse to file a motion in this Court to determine his allowable fees (*see also* ECF 47-2 [Exhibit 2, p. 3, where reference is made to Mr. Bosse "obtain[ing] a fee determination from the bankruptcy court and how this matter should proceed."]). The same state court-order also vacated a judgment exceeding $200,000 entered in favor of Mr. Bosse and against Ms. Ruiz, doing so on the basis the fees accrued were subject to this Court's exclusive subject matter-jurisdiction (see also Id., p. 2-3). This order was entered on February 20, 2020 in the Orange County Superior Court.

Five months later, Mr. Bosse sought to reopen this bankruptcy matter by motion made July 13, 2020 (ECF 41). This motion was amended on September 22, 2020 (ECF 43). The stated purpose of Mr. Bosse's request to reopen was to "allow a determination by this bankruptcy court to determine if monies were charged to Kenya Ruiz (Debtor) that require the court's approval." (Id., p. 2). Because Ms. Ruiz had her own motions to file – for disgorgement and for sanctions – she joined with Mr. Bosse's motion to reopen

**NONPROFIT LEGAL SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

2
NOTICE OF JOINDER WITH CREDITOR'S MOTION TO REOPEN BANKRUPTCY CASE (CH. 7)
**IN RE KENYA RUIZ**

(see also ECF 47, p. 2, lines 4-10).

With that motion to reopen still pending, Ms. Ruiz filed her Motions for Sanctions and for Disgorgement and their supporting papers on October 29, 2020 (ECF 50 through ECF 57). The Court then granted Mr. Bosse's motion and reopened this matter on December 9, 2020 (ECF 57). Once reopened, Ms. Ruiz's Motions for Sanctions and for Disgorgement were calendared for hearing for January 19, 2021 (ECF 58 through ECF 61).

In that time, between Mr. Bosse's initial Motion to Reopen (July 13, 2020) and the hearing date for Ms. Ruiz's Motions for Sanctions and for Disgorgement (January 19, 2021), Mr. Bosse took <u>zero steps</u> to either bring forth his own motion for affirmative relief (which was the entire reason of his reopening the matter), nor did he take any steps to oppose Ms. Ruiz's motions.

In that context, the Court granted Ms. Ruiz's motions on January 11, 2021 (ECF 64 and ECF 65), and entered substantive orders on January 21, 2021 (ECF 73 and ECF 74). Once again, Mr. Bosse made <u>zero effort</u> between January 11 to January 21, 2021 to request immediate, remedial relief.

Over two months later, and after Ms. Ruiz sought certified copies of ECF 73 and ECF 74, the Court closed the case for a second time (ECF 80 [closed March 24, 2020]). In those two additional months Mr. Bosse once again took <u>zero steps</u> to correct what he now telegraphs to be a mistake on his part (see ECF 81, p. 2). It was only on April 28, 2021, or over a month after this matter was closed for a second time, that Bosse brought his motion to reopen for purposes of seeking to set aside the Court's prior orders as found at ECF 73 and ECF 74.

NONPROFIT LEGAL SERVICES, INC.
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

3
NOTICE OF JOINDER WITH CREDITOR'S MOTION TO REOPEN BANKRUPTCY CASE (CH. 7)
**IN RE KENYA RUIZ**

### III. ARGUMENT

A motion to reopen bankruptcy "is addressed to the sound discretion of the trial judge," which may be "granted only for cause shown," where the determination of "what constitutes sufficient good cause is within the trial court's discretion. The burden of proof in establishing *good cause* is on the party seeking to reopen the bankruptcy proceeding" (*see*, *generally*, In re Shen (1980), 7 B.R. 942, 946-947).

While motions to set aside may, on their own, constitute "other cause" for which reopening is appropriate, the factual basis for Mr. Bosse's current motion lacks the *good* requirement for this cause.

#### a. The balance of equities leans against reopening this case a second time

Ms. Ruiz does not question that seeking to reopen a case in order to bring motions under FRCP 60(b) and FRBP 9024 would constitute "other cause" under 11 U.S.C. § 350(b). But Mr. Bosse's proof does not rise to that level of good cause required under the same code provision.

For starters, Mr. Bosse misrepresents to the Court for why he sought to reopen the bankruptcy case a first time on July 13, 2020 (ECF 41) (amended on September 22, 2020 (ECF 43)). Mr. Bosse sought to reopen the case to determine an allowance for *his* fees, not to allow Ms. Ruiz to determine her entitled to disgorgement and/or sanctions. He then provides no proof for why 1. he didn't bring such a motion for a determination as to *his* fees when it was the entire reason for why he sought to reopen the case the first time; or 2. why he didn't oppose Ms. Ruiz's motions. Instead, he merely observes that he "was unaware that the court would close the instance case when it did[.]" (ECF 81, p. 2, lines 14-15). This is a failure by Mr. Bosse to meet his burden of proof.

**NONPROFIT LEGAL SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

4
NOTICE OF JOINDER WITH CREDITOR'S MOTION TO REOPEN BANKRUPTCY CASE (CH. 7)
**IN RE KENYA RUIZ**

Mr. Bosse claims no prejudice will befall Ms. Ruiz if the case is reopened to allow his motions to be filed. But that is an over-exaggeration. Ms. Ruiz has the finality of her judgment and should not have to re-litigate a matter that Mr. Bosse chose to ignore to his detriment, especially when it was his reopening of the bankruptcy case the first time that even opened these doors.

### b. The Court should resist re-opening a bankruptcy case if it would otherwise sanction a futile act

Mr. Bosse's stated purpose for having the Court reopen Ms. Ruiz's bankruptcy is so that he can seek relief under FRCP, Rule 60(b)/FRBP 9024 as to the Court's orders entered at ECF 73 and 74. This would be an otherwise futile act by Mr. Bosse.

Mr. Bosse waited an irresponsible amount of time to even consider such motions. FRCP, Rule 60(b) requires that a party seek relief within a "reasonable time," not otherwise exceeding one year from the date the judgment or order was entered. Here, however, case law is clear that the finality of judgments, particularly in the context of the time to appeal having expired, are to be given "great weight" in determining an FRCP 60(b)(1)-motion (In re Williams (2002), 287 B.R. 787) (9th Cir.).

Mr. Bosse had fourteen days to either file an appeal as to the Court's Orders at ECF 73 and 74, or fourteen days to file a motion to reconsider the same Orders pursuant to FRBP, Rules 8002(b) and 9024. He did neither. Reopening a bankruptcy case to bring motions that should have been docketed within fourteen days of January 21, 2021 would be an otherwise futile act (see also Id., 794 [holding 81 days between entry of judgment and a motion under FRCP 60(b) "unreasonable" and therefore not remediable]); *see also* In re Patterson (2003), 297 B.R. 110, 114 [where the 6th Circuit

**NONPROFIT LEGAL SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

5
NOTICE OF JOINDER WITH CREDITOR'S MOTION TO REOPEN BANKRUPTCY CASE (CH. 7)
**IN RE KENYA RUIZ**

held the bankruptcy court should resist reopening a case where to do so would be futile]).

Here, Mr. Bosse waited, at the earliest, 74 days to even consider bringing a motion under FRCP 60(b) (see also ECF 81, p. 4, ¶ 4 [if Mr. Bosse is to be believed, he attempted to file this motion on April 5, 2021]).[1] In reality, it took him 97 days instead to begin the process of seeking relief under FRCP 60(b) (with the filing of his Motion to Reopen).[2]

This is not the kind of good cause required to reopen a bankruptcy case under 11 U.S.C. § 350(b).

## IV.  CONCLUSION

Mr. Bosse testified under penalty of perjury that he sought to reopen this case the first time, on July 13, 2020, "in order to allow debtor, Kenya Ruiz, to present her arguments and evidence that I had overcharged her during the years of 2009 and 2010 while representing her[.]" (ECF 81, p. 4, ¶ 2).

This is demonstrably false.

Mr. Bosse opened the case because a state court-judgment he received in 2016 included fees that were concealed from this Court (even though the same were subject to this Court's jurisdiction). Mr. Bosse sought to reopen this case because the state court, in vacating that judgment, extended to Mr. Bosse an olive branch in order to determine whether any of those fees were, in fact, proper. This Court can see that olive branch at

---

[1]   January 21, 2021 to April 5, 2021 is 74 days.

[2]   January 21, 2021 to April 28, 2021 is 97 days.

**NONPROFIT LEGAL SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

6
NOTICE OF JOINDER WITH CREDITOR'S MOTION TO REOPEN BANKRUPTCY CASE (CH. 7)
**IN RE KENYA RUIZ**

ECF 47-2, p. 3, where plaintiff [Mr. Bosse] is permitted to receive a fee determination from this Court.

For that reason, and because Mr. Bosse lacks the required good cause under 11 U.S.C. § 350(b), his motion to reopen this case a second time should be denied.

                                                Respectfully submitted by,

Date: 15 May 2021            /s/ Adam D. Dolce
_____
Adam D. Dolce
NONPROFIT LEGAL SERVICES, INC.
414 Yale Avenue, Suite B
Claremont CA 91711
Telephone: 909-542-9030
FAX: 909-992-3554
Email(s): thenonprofitlawfirm@gmail.com;
adam@dolcelegal.com

Attorney for Kenya Ruiz

**NONPROFIT LEGAL SERVICES, INC.**
414 YALE AVENUE, SUITE B
CLAREMONT CA 91711
(909) 293-8449

7
NOTICE OF JOINDER WITH CREDITOR'S MOTION TO REOPEN BANKRUPTCY CASE (CH. 7)
**IN RE KENYA RUIZ**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

414 Yale Avenue, Suite B, Claremont CA 91711

A true and correct copy of the foregoing document entitled (*specify*): DEBTOR KENYA RUIZ'S OPPOSITION TO GREGORY L. BOSSE'S MOTION TO REOPEN (2nd) (HEARING: June 1, 2021) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/15/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

jmenchaca@menchacacpa.com; ca87@ecfcbis.com (John Menchaca - Trustee); ustpregion.16.la.ecf@usdoj.gov (U.S. Trustee (LA)); greg@lawbosse.com (Gregory L. Bosse)

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 05/15/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Gregory L. Bosse, Esq.
940 W. 17th Street, Suite F
Santa Ana, CA 92706
(courtesy copy)

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/15/2021 | Adam D. Dolce | /s/ Adam D. Dolce |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*      **F 9013-3.1.PROOF.SERVICE**