FILED

JAN 24 2022

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>RUBEN RUIZ and KENYA RUIZ,<br>            Debtors. | BAP No. CC-21-1143-TFG<br><br>Bk. No. 2:09-bk-26198-BR |
| GREGORY BOSSE,<br>            Appellant,<br>v.<br>KENYA RUIZ,<br>            Appellee. | MEMORANDUM[1] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Barry Russell, Bankruptcy Judge, Presiding

Before: TAYLOR, FARIS, and GAN, Bankruptcy Judges

## INTRODUCTION

Appellant Gregory Bosse represented Kenya Ruiz and her former husband in a chapter 7[2] case and in state court litigation pending before, during, and after the bankruptcy. But he did not disclose the state court

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

representation in the bankruptcy case. When he later attempted to collect his fees in state court, Ms. Ruiz argued that this nondisclosure barred his fee collection and convinced the state court to seek clarification from the bankruptcy court.

Mr. Bosse then obtained reopening of the bankruptcy case, presumably to address the problem, but, by intent or inattention, he allowed Ms. Ruiz to frame the issue as one requesting disgorgement and sanctions. He then failed to oppose her disgorgement and sanctions motions, Ms. Ruiz obtained her requested orders, and the case again closed.

Mr. Bosse eventually sought to again reopen the case to file a reconsideration motion. He did not support the motion with any explanation of his default or basis for reconsideration, and the bankruptcy court denied his reopening request.

We affirm as to this portion of the decision, although not for the reason stated by the bankruptcy court. Reopening is not required when a party merely seeks reconsideration of a prior court order.

But the bankruptcy court also denied the motion "with prejudice" – apparently intending to bar a reconsideration motion because Mr. Bosse did not make a record supporting his future motion when he sought reopening. We reverse on this point. Mr. Bosse was not required to support his reconsideration motion when he requested, unnecessarily, the ministerial step of reopening. Thus, we AFFIRM, in part, and REVERSE, in

2

part.

During this appeal, Ms. Ruiz filed a Rule 8020 motion for sanctions against Mr. Bosse for pursuing a frivolous appeal. We DENY the request.

### FACTS[3]

**A. The early bankruptcy proceedings**

In June 2009, Mr. Bosse filed a joint chapter 13 petition for Ms. Ruiz and her former spouse, Ruben Ruiz. In connection therewith, he certified that he had accepted only $3,500 prepetition for services to the Ruizes "in contemplation of or in connection with the bankruptcy case" and that no balance was due and owing for such services. The Ruizes' Statement of Financial Affairs likewise reflected that they had paid Mr. Bosse only $3,500 during the year preceding the petition date.

The Ruizes converted the case to chapter 7 without confirming a chapter 13 plan. Their no-asset case closed in September 2010 after they received a discharge. The case remained dormant for a decade.

**B. Mr. Bosse's representation of the Ruizes in state court and his collection efforts**

Before, during, and after the bankruptcy case, Mr. Bosse also represented the Ruizes in several state court actions stemming from a secured creditor's prepetition foreclosure on their real property. The actions included: (1) the creditor's prepetition unlawful detainer action;

---

[3] We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*,

3

(2) junior lienholders' prepetition action against the Ruizes; (3) a wrongful or illegal foreclosure action filed by the Ruizes against the creditor during the chapter 7 case; and (4) another unlawful detainer action filed by the creditor against the Ruizes during the chapter 7 case.

Before the closing of the bankruptcy case, Mr. Bosse collected an undisclosed $21,877.15 for his representation of the Ruizes in these state court actions. He eventually separately invoiced another $97,127.76 relating to the actions; the Ruizes did not pay this amount. Thus, in 2012, Mr. Bosse sued them in state court and obtained a $167,152.76 judgment against Ms. Ruiz.

Years later, Ms. Ruiz moved to vacate the judgment. In February 2020, the state court granted her motion after determining that the bankruptcy court had exclusive jurisdiction over Mr. Bosse's fees.

**C. The First Motion to Reopen and the Sanctions Motions**

Five months later, Mr. Bosse filed a motion to reopen the bankruptcy case ("First Motion to Reopen"): "[t]o allow… [the] bankruptcy court to determine if monies were charged to Kenya Ruiz (Debtor) that require the court's approval." While the bankruptcy court promptly informed Mr. Bosse that he needed to re-file the motion using the correct form, it took him two months to do so.

Ms. Ruiz then joined in Mr. Bosse's request to reopen the case so that she could seek disgorgement and sanctions against him for his postpetition

---

293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

4

collection of legal fees outside the bankruptcy court's purview. She then filed such motions ("Sanctions Motions").

The bankruptcy court granted the First Motion to Reopen and set the Sanctions Motions for hearing. Mr. Bosse never opposed the Sanctions Motions, and the bankruptcy court granted them ("Sanctions Orders"). The case again closed two months later.

**D. The Second Motion to Reopen**

Another month passed. Mr. Bosse then filed a second motion to reopen the bankruptcy case ("Second Motion to Reopen"). In it, he claimed he filed the First Motion to Reopen so that Ms. Ruiz could present her Sanctions Motions, asserted her motions were granted because he failed to file any opposition, and explained he now sought to reopen to file a motion to vacate the Sanctions Orders ("Motion to Vacate"). But his bare-bones motion did not disclose his grounds for vacatur.

Ms. Ruiz opposed the Second Motion to Reopen, arguing that Mr. Bosse misrepresented the grounds for the First Motion to Reopen and failed to show cause why the case should be reopened again.

At the hearing, the bankruptcy court asked Mr. Bosse a series of questions to confirm that: (1) he inaccurately stated the grounds for his First Motion to Reopen in his Second Motion to Reopen; (2) the bankruptcy court granted the Sanctions Motions due to his failure to oppose them; (3) he did not explain in his Second Motion to Reopen why he failed to oppose the Sanctions Motions; and (4) he did not explain in his Second

5

Motion to Reopen why he waited months to file his Motion to Vacate. The bankruptcy court then stated that: "[o]n this record, I don't see how I can possibly grant your motion. You've basically, on the record here, had no explanation of what you did." When Mr. Bosse attempted to explain his inaction, the bankruptcy court stopped him short, stating that he was "not going to be able to add anything now" and "there will be no newly discovered evidence."

Accordingly, the bankruptcy court entered its order denying the Second Motion to Reopen "with prejudice." Mr. Bosse timely appealed.

Thereafter, Ms. Ruiz filed a Rule 8020 motion, requesting an award of sanctions against Mr. Bosse for filing a frivolous, meritless appeal. Mr. Bosse did not file an opposition to the motion.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court abuse its discretion in denying the Second Motion to Reopen with prejudice?

Should sanctions be awarded against Mr. Bosse under Rule 8020?

## STANDARD OF REVIEW

A bankruptcy court's decision not to reopen a bankruptcy case is reviewed for abuse of discretion. *Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 915 (9th Cir. BAP 1999). A bankruptcy court abuses its discretion if it

6

applies an incorrect legal standard or misapplies the correct legal standard or if its factual findings are illogical, implausible, or without support from evidence in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

We ignore harmless error and may affirm on any basis supported by the record. *Lakhany v. Khan (In re Lakhany)*, 538 B.R. 555, 559-60 (9th Cir. BAP 2015).

## DISCUSSION

**A. The bankruptcy court erred by considering the merits of the Motion to Vacate.**

A closed bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." § 350(b). In his Second Motion to Reopen, Mr. Bosse asserted that his desire to file a Motion to Vacate constituted cause to reopen the case. He also argues the bankruptcy court erred when it considered the merits of the intended Motion to Vacate.

It is ordinarily inappropriate for a bankruptcy court to assess the merits of a future motion for relief when ruling on a motion to reopen. *In re Menk*, 241 B.R. at 916. Instead, "the motion to reopen legitimately presents only a narrow range of issues: whether further administration appears to be warranted; whether a trustee should be appointed; and whether the circumstances of reopening necessitate payment of another filing fee." *Id.* at 916-17. The bankruptcy court may inquire into the merits of the relief that will be sought upon reopening only if the undisputed facts necessarily in

the record unequivocally show that reopening the case would prove futile. *See Beezley v. Cal. Land Title Co. (In re Beezley)*, 994 F.2d 1433, 1437 (9th Cir. 1993) (O'Scannlain, J., concurring). For example, a bankruptcy court may properly deny case reopening on grounds of futility where a debtor seeks reopening to file claims that had previously been dismissed with prejudice, *Copeland v. Levene, Neale, Bender, Yoo & Brill, LLP (In re Copeland)*, No. CC-16-1343-LTaKu, 2017 WL 2843305, at *3 (9th Cir. BAP July 3, 2017), or to file a reaffirmation agreement after dischargee, *In re Judson*, 586 B.R. 771 (Bankr. C.D. Cal. 2018).

     Here, Mr. Bosse did not file his Motion to Vacate concurrently with his Second Motion to Reopen. But he was not required to do so. Rule 5010-1(b) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Central District of California ("Local Rules") did not compel him to file it concurrently but did permit him to do so: "A request for any relief other than the reopening of a case, including relief based upon the grounds for reopening the case, must be made in a separate motion . . . , which *may* be filed *concurrently* with the motion to reopen." Local Rule 5010-1(b) (emphases added).[4] Nor did he otherwise disclose the grounds for vacatur. Unsurprisingly, then, the record did not contain argument or undisputed facts establishing that the Motion to Vacate would be futile.

     Nevertheless, the bankruptcy court appears to have denied the

---

[4] Mr. Bosse argues he was precluded from filing the Motion to Vacate while the Second Motion to Reopen was pending, but he is wrong.

8

Second Motion to Reopen based on the futility of the unfiled Motion to Vacate. It pointedly questioned Mr. Bosse regarding his previous failure to timely oppose the Sanctions Motions. Then it stated there would be "no newly discovered evidence," in effect penalizing Mr. Bosse for his failure to file documents not then required by the Local Rules. Its questions and statements were relevant to whether the Sanctions Orders should be vacated and not to whether the case should be reopened. Fairly construing the bankruptcy court's comments, we conclude that it declined to reopen the case based on the merits of the underlying Motion to Vacate. This was error.

**B. The error was not harmless.**

But if we find this error harmless, in the sense that it does not affect the substantive rights of the parties, we may correct it without reversing. *See* Civil Rule 61, made applicable by Rule 9005. As explained below, we would find the error harmless but for the "with prejudice" language in the order on appeal.

Mr. Bosse filed his Second Motion to Reopen under the assumption that the bankruptcy court otherwise lacked jurisdiction to vacate its Sanctions Orders in the closed case. But controlling authority provides otherwise. And in that regard, his Second Motion to Reopen was groundless.

In *Menk,* we held that reopening a closed case is simply "a ministerial act that functions primarily to enable the file to be managed by the clerk as

9

an active matter and that, by itself, lacks independent legal significance and determines nothing with respect to the merits of the case." 241 B.R. at 913. Thus, a bankruptcy court may continue to exercise its jurisdiction in a closed case over awards of compensation, imposition of sanctions, contempt, and Civil Rule 60 motions. *Id*. at 905-07. Citing *Menk*, the Ninth Circuit has similarly held that reopening is purely an administrative matter and not a prerequisite for otherwise timely filings, such as a timely § 523(a)(3)(B) complaint. *Staffer v. Predovich (In re Staffer)*, 306 F.3d 967, 972 (9th Cir. 2002).

Consistent with these holdings, section 2.8(c) of the Court Manual incorporated in the Local Rules includes a table outlining the bankruptcy court's policy for reopening a closed case. It provides that "[m]otions to vacate . . . orders and motions for reconsideration of judicial rulings" may be filed in closed cases without entry of an order reopening the case.

The Ninth Circuit and Panel precedent set forth in *Staffer* and *Menk*, as well as section 2.8(c) of the Court Manual, clearly indicate that Mr. Bosse could have filed his Motion to Vacate in the closed case. His Second Motion to Reopen was wholly unnecessary. The bankruptcy court could have denied the Second Motion to Reopen on that basis.

But while the bankruptcy court reached the right conclusion, it did so for the wrong reason. And its reasoning is significant because its order provides that the Second Motion to Reopen is denied "with prejudice." The order must be reversed to the extent that the phrase "with prejudice"

10

precludes Mr. Bosse from filing his Motion to Vacate.[5]

Thus, we AFFIRM the order on appeal to the extent that it denied reopening and REVERSE the order to the extent that it prejudged the merits of the Motion to Vacate and precluded Mr. Bosse from filing it.

## C. We decline to award sanctions.

Ms. Ruiz requests sanctions against Mr. Bosse for prosecuting this appeal. Given our reversal in part, we deny the request.

## CONCLUSION

Accordingly, we AFFIRM the bankruptcy court's decision to deny case reopening, REVERSE its decision to make the denial with prejudice to Mr. Bosse filing his Motion to Vacate, and DENY the Rule 8020 motion.

---

[5] We are confident that the bankruptcy court did not simply intend to deny reopening "with prejudice" to Mr. Bosse seeking to reopen the case on the same meritless grounds asserted in his Second Motion to Reopen. If it had, then the "with prejudice" language of the order would be benign; Mr. Bosse could file his Motion to Vacate in the closed case. If, on the other hand, the "with prejudice" language was intended to preclude Mr. Bosse (or others) from seeking to reopen the case on any legitimate grounds, such as to administer an undisclosed asset, or from ever seeking relief from the Sanctions Orders on any grounds, then the language would also require reversal.

11